RANSOM ROSCOE v. BRIDGET McDONALD ET AL.

*Executors and administrators—Authority to contract—Minors— Necessities.*

1. An executrix has no power to bind the estate by contract.
2. The ear of the probate court is always open to the necessities of infants, and before their estate can be pledged, even for necessities, the court must pass upon the necessity therefor.

Appeal from Oakland. (Moore, J.) Argued March 4, 1892. Decided April 8, 1892.

Bill to charge the estate of infants with necessaries furnished the executrix of their father's will, etc. Defendants appeal. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*George P. Voorheis,* for complainant.

*Charles F. Collier,* for defendant Bridget McDonald.

*James H. Lynch,* for remaining defendants.

McGRATH, J. This bill seeks to charge real estate devised to certain minors with a bill for groceries and other necessaries furnished to Bridget McDonald, the mother of said minors, who is the executrix of the last will of her husband, the father of said minors.

James McDonald died in 1878, leaving a widow and

five children, aged from two to ten years. The will was probated in May, 1878, and the widow was appointed executrix, and qualified. The testator's effects consisted of a farm of 160 acres, and personal property, consisting of stock, etc., upon the farm, and mortgages, of the value of $2,000. By the terms of the will, the widow was given the use of the farm and other property for life, and at her death it was to be equally divided between the children. The widow refused to take under the will, and her dower has not been assigned. The probate court made an allowance to the executrix of six dollars per week for the support of the children pending the settlement of the estate.

After the death of James McDonald, and up to August 1, 1881, Bridget McDonald had purchased from complainant groceries, dry-goods, etc., amounting in all to $317.52, and had paid for the same. From the last-named date, to August, 1885, she has purchased merchandise amounting to about $360, which amount is represented by two notes given by Bridget McDonald personally, but which it is alleged were not received as payment. The bill sets forth that—

"The said Bridget McDonald, widow, and her said children, continued to reside upon the farm of the said James McDonald, deceased, after his death, and have continued to do so up to the present time, and that the said Bridget McDonald, as executrix, took possession of said estate, real and personal, and has controlled and managed the same, and has received the profits and income thereof, ever since her appointment as executrix, and up to the present time;" that the claim presented "was for the actual necessaries for the said Bridget McDonald and her children, for their support and maintenance, and for the proper management of said farm;" that after the death of James McDonald "the said Bridget McDonald represented to your orator that she had been appointed executrix of said estate by said probate court under the will duly allowed, and that she, as executrix under the

said will, and by permission and license of said probate
court, had a right and authority to buy what necessaries
were required for the support, education, and mainten-
ance of said children, and in the proper management of
said farm and property, and the execution of her trust
as executrix of said estate, and to incur indebtedness for
the same, and to bind the estate therefor, and that any
debt incurred, made, or created by her for such purposes,
as hereinbefore mentioned, would become a claim against
the estate, and a lien thereon, and the estate liable for
its payment, which could be enforced by a court of com-
petent authority, in case she failed to pay the same, and
that she was clothed with this authority so long as the
estate remained unsettled, and until its distribution by
order of this court; that your orator, knowing said estate
to be perfectly solvent and responsible for such neces-
saries, believed the said representations of said executrix
to be true, and in his subsequent business relation with
the said executrix relied upon her for his protection and
payment, and the estate as his security therefor;" that
" the income and profits of said estate were sufficient to
pay for the necessaries of said executrix and children,
and that the said executrix, having received the same,
and not having had her dower interest assigned and set
off to her (she having waived the life-estate of said will
made in her behalf), is accountable for two-thirds of the
income of said estate to be charged against her in her
accounting, and that such two-third interest would
become a fund in her hands for accounting to the said
children of said deceased, and for the payment of the
proper and legitimate expenses incurred in the adminis-
tration of said estate, such as the claim of your orator,
and all other reasonable and necessary expenses contracted
by her as executrix in the execution of her trust, so long
as said estate remains unsettled, and said executrix
assumes to control and manage the same; that the said
executrix had failed, neglected, and delayed to file her
account with the probate court for the county of Oakland,
and have it allowed, showing how she had expended,
managed, and invested the personal estate since she took
control and possession thereof, and how she had executed
her said trust; that your petitioner is informed that the
said executrix has spent all of the personal estate of her
said husband, and all the income and profits of said
farm, but in what way and for what your orator does

not know, and that the said executrix is owing a considerable amount of money, and that she has no funds in her hands or under her control, derived from the said personal estate or the income of the said farm, with which to pay said claim of your orator;" "that for the necessities so furnished to said executrix, all of which were for the joint benefit of the said executrix and the said children of said deceased, he has and is lawfully and justly entitled to hold, maintain, and enforce the same as an equitable claim and lien on all the singular of said estate, and to have the said equitable lien declared established and foreclosed by the decree of this honorable court;" "that the said defendants are also personally liable for the payment of his claim, if the same was received by them and enjoyed as hereinbefore set forth, and that, if such is found to be the fact, they may be decreed to be also personally liable therefor until the same is paid and satisfied as decreed by this court, and, if not so paid within the time so specified, to be satisfied by a sale of said estate, or so much thereof as may be necessary for that purpose."

The rule is well settled that an executrix has no power to bind the estate by contract. The ear of the probate court is always open to the necessities of infants, and before the minor's estate can be pledged, even for necessities, the court must pass upon the necessity therefor. These are salutary rules, and the case must be extreme and the equities strong that will warrant relief where they have been disregarded.

The testator left property, consisting in part of notes and mortgages, amounting to $2,000. At the rate allowed by the court, this amount, without interest, was sufficient to provide for the children for six and one-half years. The bill sets up that the widow is accountable for two-thirds of the income from the estate, and that she has expended all of the income and profits of the farm, and all of the personal property, "but in what way and for what" complainant is ignorant. The bill does not

sufficiently allege the insolvency of the executrix, but, even though it did, complainant would only be entitled to be put in the place of the executrix; and if she has wasted the estate, or has appropriated the personal property, profits, and income, and is indebted to the estate, she has no right to claim payment of this amount. She is liable to account to the estate for the income, profits, and personal effects, and may be entitled to credit for the care of the minors. If there is already a balance against her, complainant has no equities. The estate in such case is already a creditor, and it would be inequitable to sell the estate of the minors to reimburse complainant, and compel the minors to look to the executrix for the amount, even though they had that remedy.

The decree below must be reversed, the demurrer sustained, and the bill dismissed, with costs of both courts to defendants.

The other Justices concurred.