RANSOM ROSCOE v. BRIDGET MCDONALD ET AL.

[See 91 Mich. 270.]

*Infants—Necessaries—Authority of guardian.*

An executrix, who is also guardian of the infant children of the testator, and who has in her hands sufficient personal property for their support and maintenance, cannot, by the purchase of necessaries for them, charge their real estate with the indebtedness thereby incurred.

Appeal from Oakland. (Moore, J.) Argued June 8, 1894. Decided June 26, 1894.

Bill to charge the estate of infants with necessaries furnished to their guardian. Complainant appeals from decree sustaining demurrer. Decree affirmed. The facts are stated in the opinion, and in 91 Mich. 270.

*George P. Voorheis,* for complainant.

*Charles F. Collier,* for defendant Bridget McDonald.

*James H. Lynch,* for remaining defendants.

LONG, J. This case was in this Court at the January term, 1892, and is reported in 91 Mich. 270. That bill was demurred to in the court below, and the demurrer overruled. In this Court the demurrer was sustained, and the bill dismissed. Complainant thereupon filed another bill, setting out substantially the same facts as in the former bill, but adding thereto an averment that the defendant Bridget McDonald was also the guardian of the minor children at the time the indebtedness to him was incurred, and now seeks by the present bill to charge the real estate of James McDonald for its payment, on the ground that it was for necessaries that the indebtedness was incurred.

The bill, however, alleges that there was of the personal estate of the deceased about the sum of $2,500 coming into the hands of the executrix, and no debts; but that the executrix, while having the rents, issues, and profits of the farm, did not use or expend the whole of this income for the purchase of necessaries for herself and the infant children, but for some other purposes outside; and that, in view of this fact, the complainant has equities superior to the children in the real estate of the deceased father. The claim, therefore, is that the executrix, being guardian of these infants, may charge their real estate by any debts she may contract, though she has sufficient personal estate in her hands for their support and maintenance.

It was held, when the case was in this Court on the former hearing, that the executrix had no power to bind the estate by contract. It must be held that, though guardian of these minors, she had no power to charge

their real estate under these circumstances. She had sufficient personalty for their support and maintenance; and it cannot be said that complainant has superior equities over the infants, or that the guardian may in this indirect way charge the real estate. She could not mortgage or incumber the real property without an order of the court authorizing such action, and certainly it could not be accomplished in this way.

The bill was demurred to in the court below, and the demurrer sustained. That decree will be affirmed, with costs.

The other Justices concurred.