*In re* LACROIX' ESTATE.

CLAIM OF WAGNER.

1. ESTATES OF DECEDENTS—CONTRACTS—STRANGERS.
   A stranger has no authority to bind an estate.

2. EXECUTORS AND ADMINISTRATORS—CONTRACTS—RATIFICATION.
   Person named as executor in a will is a stranger to the estate until he qualifies as executor and not only could not make a contract binding the estate prior to qualifying but could not thereafter ratify a contract made theretofore.

3. ESTATES OF DECEDENTS—LANDLORD AND TENANT—CONTRACT WITH STRANGERS.
   Contract with deceased tenant's landlord to continue rent, made by party named as executor in late tenant's will prior to time he qualified as such, was not a contract binding upon the estate and could only bind the person named as executor in his private capacity.

4. EXECUTORS AND ADMINISTRATORS—SUBROGATION—EVIDENCE.
   In proceeding in probate court by deceased tenant's landlord to recover from decedent's estate under contract alleged to have been made to continue tenancy in order to preserve the assets of the estate by person named in will as executor, but before he qualified as such, where such person is now dead, estate is represented by administrators *de bonis non* with will annexed, and it is impossible to determine whether any of the executors ever entered into the alleged contract with plaintiff and whether it would be allowed by the probate court, plaintiff may not recover under theory of subrogation to executor's rights since no such rights are established.

Appeal from Wayne; Pugsley (Earl), J., presiding. Submitted April 13, 1939. (Docket No. 17, Calendar No. 40,414.) Decided June 5, 1939.

In the matter of the estate of James E. LaCroix. Michael Wagner presented his claim for rent. Claim denied. Claimant appealed to circuit court. Claim denied. Claimant appeals. Affirmed.

*Meyer Weisenfeld,* for claimant.

*Edward C. Moran* and *Edmund J. Stafford,* for estate.

Sharpe, J. James E. LaCroix died October 27, 1931, in the city of Detroit. Prior to that time he had been a tenant in the premises owned by plaintiff. Upon his death, a will was found in which William Look was named executor. Immediately after La-Croix's death, Look made an alleged agreement with plaintiff to continue the tenancy at the rate of $35 per month in order to preserve the assets of the estate. On April 11, 1932, the will was admitted to probate and Look was named executor, but did not qualify until January 2, 1934. After January 2, 1934, Look informed plaintiff that the rent for the premises would be paid as soon as finances were available from the estate. It also appears that when Look failed to file a bond, the Equitable Trust Company was appointed special administrator. The trust company qualified and letters of administration were issued to it. The trust company administered the estate until January 2, 1934, the time when Look qualified as executor of the estate. Look died June 3, 1934. It appears that on October 2, 1934, Edmund J. Stafford and Edward J. Moran were appointed administrators *de bonis non* with will annexed.

On August 9, 1937, plaintiff filed a claim in the probate court for rent of the premises at the rate of $35 per month from the time of the death of LaCroix to and including January 10, 1935. This was denied by the probate court. The cause eventually came on for

trial in the circuit court of Wayne county and the trial judge directed a verdict of no cause of action on the following grounds: That at the time the alleged contract relied upon by plaintiff was made, on or about October 27, 1931, Mr. Look had no authority to make it; that Mr. Look did not qualify as executor of the estate until January, 1934; that when Mr. Look became duly qualified he could not ratify and affirm an action which he did not have authority to make in the first instance; and that Mr. Look, even though he qualified as an executor and acted as such, could not, without the authority and approval of the probate court, make a contract binding upon the estate. Such a contract would only bind the executor personally.

Plaintiff appeals and contends that an executor named in a will has the right to ratify a contract made by him before he qualified as such executor; that Look could have paid plaintiff's claim and been reimbursed for the money so paid; and that plaintiff has the right to be subrogated to the right of Look.

Citation of authority is unnecessary to show that a stranger has no authority to bind an estate. In the case at bar, Look was a stranger to the estate until he qualified as executor on the 2d day of January, 1934. Nor could there be a ratification of such contract after Look became executor.

In *Roscoe* v. *McDonald,* 91 Mich. 270, we said:

"The rule is well settled that an executrix has no power to bind the estate by contract. The ear of the probate court is always open to the necessities of infants, and before the minor's estate can be pledged, even for necessities, the court must pass upon the necessity therefor."

In *Webber* v. *Detroit Fidelity & Surety Co.,* 263 Mich. 144, 149, we said:

"The general rule, subject to a few exceptions, is that a personal representative cannot charge the estate by contracts originating with himself, although for the benefit and in the interest and on behalf of the estate; such contracts binding him only in his private capacity."

Under the above authority the alleged contract would in no event bind the estate of LaCroix.

Counsel for plaintiff contend that *Jackson* v. *Leech's Estate,* 113 Mich. 391, is authority for the proposition that if the contract is for the benefit of the estate reimbursement may be allowed the executor. We have examined the above case and find that the issue involved a question of attorney fees. Our court held that an executor could be allowed an item for attorney fees whether or not he had paid them before submitting his account to the probate court. The instant case does not involve a claim mentioned in an executor's account. Had the procedure mentioned in the above case been followed, the claim undoubtedly would have been given due consideration by the trial court.

We approve the trial court's holding in the case at bar and quote therefrom:

"The remedy in this case on the part of Mr. Wagner was against Mr. Look personally, and if there was a real contract as claimed by the plaintiff, made with subsequent executors or administrators of the estate, then he would have a like remedy individually against such subsequent administrators."

It being impossible in this action to determine whether any of the executors entered into the alleged contract with plaintiff, and whether the alleged contract would be allowed by the probate court, there are no rights established in any executor upon which subrogation could be based. See 60 C. J. pp. 711,

712. Plaintiff may not now accomplish by so-called subrogation what the law bars.

The judgment of the circuit court is affirmed. Defendant may have costs.

BUTZEL, C. J., and WIEST, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUSHNELL, J., did not sit.