EDGAR A. CRANE v. JEROME BEEDLE AND THE MICHIGAN TRUST COMPANY.

[See 86 Mich. 360; 91 Id. 429.]

*Estates of deceased persons—Duty of administrator.*

1. Where two parties claim the right to the proceeds of an estate upon final distribution, it is the duty of the administrator to collect the property, and then proceed in the usual course to have the question of its distribution properly determined.

2. In the absence of an agreement between contesting claimants, or an adjustment of differences between heirs, the administrator is not authorized to surrender the estate to one claimant, or close it up, except in the usual course.

Appeal from Kalamazoo. (Buck, J.) Argued April 14, 1893. Decided May 31, 1893.

Bill to restrain the prosecution of a suit at law. Defendant Michigan Trust Company appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion, and in 91 Mich. 429.

*Osborn & Mills,* for complainant, contended:

1. Defendant Beedle has not appealed, and he is the only one concerned in setting aside the decree, and the matters in which he alone is interested cannot be taken advantage of by appellant; citing *English v. Carney,* 25 Mich. 184; *Fairbairn v. Middlemiss,* 47 Id. 372; *Morgan v. Railroad Co.,* 57 Id. 447; and when parties have no material interests to serve, they will not be permitted to carry on litigation in the name of an administrator; citing *Taff v. Hosmer,* 14 Mich. 249; *Labar v. Nichols,* 23 Id. 310; *Besancon v. Brownson,* 39 Id. 393; *Breen v. Pangborn,* 51 Id. 31.

2. That a bill in chancery may be sustained in a case of this kind, even for what is asked against Mr. Beedle, see *Mussel v. Morgan,* 3 Brown, Ch. 79; *Dodson v. McKelvey,* 93 Mich. 263; *Foote v. Foote,* 61 Id. 189; Story, Eq. Pl. § 426.

3. Heirs have a right to pay and settle the claims against their estate without any probating whatever, and, if they do so, no one can interfere or insist on probation being had, and such a course is encouraged by this Court; citing *Needham v. Gillett*, 39 Mich. 574; *Foote v. Foote*, 61 Id. 189; *Letts v. Letts*, 73 Id. 143.

*Fletcher & Wanty*, for appellant.

McGRATH, J. A suit at law has been instituted by the Michigan Trust Company, administrator of the estate of Mary Adell Crane, deceased, against complainant, to recover the value of the property which was in controversy in *Beedle v. Crane*, 91 Mich. 429, and this bill is filed to restrain the prosecution of that suit. The administrator demurred to the bill. The demurrer was overruled, and the case is here on appeal from that order.

In *Beedle v. Crane*, the decree directed the defendant to execute a reassignment to Beedle, and file the same with the register of said court, within 40 days after the entry of the decree, and that, within 10 days after the filing of said reassignment, Beedle should pay to said register the amount which had been paid in consideration of the assignment from Beedle to Crane; that such reassignment should not take effect until such payment, and, in case Crane neglected to execute and file such reassignment within 40 days, that the decree should stand in the place thereof.

The bill in the present case sets up that complainant neglected to file the reassignment which he was directed to execute and file in *Beedle v. Crane;* that, after the lapse of the time provided, said decree operated as a reassignment; that it was the duty of Beedle thereupon to make the payment to the register required by such decree; that Beedle failed to do so; that in consequence of such failure the title to the property became absolute in Crane; that the debts of said decedent's estate are

merely nominal; and that, as complainant is the only person really in interest, he is entitled to avoid the expense of administration, and retain possession of the property.

Beedle is still insisting upon his right, as heir at law of decedent, to the property of said estate, upon the distribution thereof. The administrator was appointed at the instance of a creditor. *Woolley v. Crane,* 86 Mich. 360. The bill in the former case was filed to set aside an assignment fraudulently procured. Complainant himself is in default under the decree in that case. It would have been entirely proper, in that proceeding, to have made the delivery over by complainant, Crane, to the administrator of the decedent's estate, of the property belonging to said estate, a condition precedent to the payment which that decree required Beedle to make. Two parties are here claiming the right to the proceeds of said estate upon distribution thereof. As to which is the proper distributee is a matter that can only be determined in the proper course. If for no other reason, it is the duty of the administrator to collect the property, and then proceed in the usual course to have the question as to who is entitled to the property properly determined. The legal title to the effects of the estate is in the administrator. Through it alone can this question be determined. The question of the appointment of an administrator has been passed upon by the probate court, and that appointment cannot be assailed in this proceeding. In the absence of an agreement between contesting claimants, or an adjustment of differences between heirs, the administrator would not be authorized to surrender the estate, or close it up, except in the usual course.

The decree below is therefore reversed, and the bill dismissed as to appellant, with costs of both courts to the defendant the Michigan Trust Company.

The other Justices concurred.