ZIMMER *v.* SAIER.

1. EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATORS—POWERS AND DUTIES.

It is the duty of a special administrator, under the statute (section 9326, 3 Comp. Laws), to conserve and save the estate ready to be turned over to the regularly appointed administrator. He has no authority to employ and pay counsel, in a contest over the probate of the will by the heirs, out of the funds of the estate.

2. SAME.

In the final account of an administrator an item for fees incurred in the attempted sale of real estate was properly allowed where all the heirs agreed that the item should be paid out of the funds of the estate.

Error to Ingham; Wisner, J., presiding. Submitted November 18, 1908. (Docket No. 145.) Decided February 2, 1909.

John J. Zimmer presented his final account as administrator with the will annexed of the estate of Elnora Saier, deceased. The account was allowed in the probate court, and Charles Saier and others appealed to the circuit court. There was judgment allowing the account in part, and contestants bring error. Modified and affirmed.

*O. J. Hood,* for appellants.

*John J. Zimmer* (*F. L. Dodge* and *C. P. Black,* of counsel), in pro. per.

Elnora Saier died January 11, 1898, leaving a will executed on that day. She had executed a previous will on August 7, 1895. The will of January 11th was presented for probate. A contest between the heirs arose over this will, which found its way into this court. *Henrich* v. *Saier,* 124 Mich. 86. The judgment admitting the will to probate was reversed and new trial ordered. After that decision was handed down the parties settled, filing a stipulation, agreeing that the later will should be denied probate, and that the former will should be admitted to probate, and that no costs should be allowed. Three days after Mrs. Saier's death Mr. Zimmer was appointed special administrator. On the same day a petition was filed by Charles Saier, praying for the probate of his mother's last will. The will was contested, and the history of that contest sufficiently appears in the case above cited. February 11, 1898, was fixed for the hearing of the petition for the probate of the will, and as well for the appointment of Mr. Zimmer as administrator. Mr. Zimmer appeared in that proceeding before the probate court as the attorney for five of the heirs who favored the will. Smith & Hood, attorneys, appeared for William Saier and the wives of William and Joseph Saier, who were legatees under the prior will. Mr. Zimmer acted as the attorney for the heirs who were in favor of the will until the termination of the suit by stipulation. The five heirs employed Mr. L. B. Gardner to assist him in that suit, for which services he charged $400. Two attempts were made, on petition of some of the heirs, to have the administrator sell the real estate and distribute the proceeds among the heirs. The first of those proceedings failed for a defective description of the land. To the second petition some of the heirs filed objection, and denied the jurisdiction of the court. The probate court held that it had no jurisdiction. No

sale, therefore, was had. For this service the administrator claims he is entitled to receive $194 as commission. On September 17, 1902, a petition was filed by one of the heirs, and the assignee of another, praying for the removal of Mr. Zimmer as administrator, and charging that he had not filed a proper account as administrator. He had then filed an account, to many items of which objection was taken. Upon the hearing the administrator was ordered to pay the claim of one of the petitioners, and to proceed to close up the estate and take action to that end within five days after service of a copy of the order upon him. In this final account he reported having received from the sale of the personal property and rent of the real estate $5,167.72. His total expenditures were $6,238.74, of which amount $2,740.80 was for the expense of litigation, mainly attorney's fees, and a charge by him as administrator for looking after said estate for a period of five years and two months, $645.80. Included in this account is the charge of Mr. Zimmer in the will contest for the heirs whom he represented, and fees as attorney for contesting a claim of $600 by one Mary McPhee against the estate. His own charge in contesting the McPhee claim before the commissioner and the circuit court was $600, and for Mr. Gardner, who was employed to assist him, $295. The claim was allowed. These clearly unjust claims were rejected by the court, and the two items above mentioned—$400 to Mr. Gardner, and the $194 for commission in proceedings to sell the real estate—are the only ones allowed, from which an appeal has been taken.

GRANT, J. (*after stating the facts*). The record contains no parol evidence upon the employment of Mr. Gardner in the will contest. None of the testimony bearing upon this item, if any was taken, appears. Whether Mr. Gardner was employed in the probate court the record fails to show. It is recited in the record as follows:

" It further appears that L. B. Gardner, at the request of the five above named who were in favor of the will

bearing date January 11, 1898, took part as an attorney for the proponents of the will in the trial, both in the circuit court and in the Supreme Court, and said administrator, at the request of said five who were in favor of said will, paid said L. B. Gardner for his services aforesaid the sum of $400, out of the funds of said estate, and said administrator with the will annexed, in his said final account so filed June 11, 1903, claimed credit for said sum of $400 so paid to L. B. Gardner at the request of the proponents of the will bearing date January 11, 1898."

It was the duty of Mr. Zimmer as special administrator to simply conserve and save the estate, ready to be turned over to the regularly appointed administrator when appointed. 3 Comp. Laws, § 9326; *Grece* v. *Helm*, 91 Mich. 450; Schouler on Executors (3d Ed.), § 135. The will of 1898 failed to appoint an executor. Mr. Zimmer as such special administrator could neither employ himself, nor any other attorney, in the will contest. It is stated upon the record that Mr. Zimmer was employed as attorney to represent the five heirs who were in favor of the will, not the estate, and it is also conceded that Mr. Gardner was employed by and represented the same five heirs in that contest. Neither Mr. Zimmer nor Mr. Gardner represented the estate. Mr. Zimmer continued to act as special administrator, at least until he was appointed administrator with the will annexed under the probate order of April 27, 1898. The appeal from that decision suspended the order (Schouler on Executors [3d Ed.], § 161), and all that any administrator, whether special or general, could do would be to conserve the estate, pending the decision as to the validity of the will, under the order of the probate court. It is undoubtedly the duty of the executor named in the will to present it for probate, and to take the necessary steps to secure its probate. That duty, however, did not devolve upon Mr. Zimmer, for he was not named executor in the will. He had no interest in the estate, except by virtue of his employment as attorney for the proponents of the will. The heirs promptly arrayed themselves in the court, the one

side to contest, and the other to sustain, the will. Under the condition of the estate it was then the duty of Mr. Zimmer to leave the contest to those directly interested, and confine himself strictly to conserving the estate and preserving it for those who should be held finally entitled to it. *In re Soulard's Estate*, 141 Mo. 642; *In re Parsons' Estate*, 65 Cal. 240; Schouler on Executors (3d Ed.), § 544. He now seeks to compel adverse parties to pay for services of attorneys employed against them. This is not one of those cases where the court is justified in allowing the administrator to employ counsel in litigation which is for the benefit of the estate. Such action of the court would compel the contestants, the other heirs of the estate, to pay in part the expenses of the proponents' attorneys. I find no precedent for such a proceeding. The heirs in this case chose to have litigation (which, speaking for myself, was needless), and each party should pay their own costs.

Another complete answer to the allowance of this claim is that the stipulation discontinued one suit, disallowed one will, and provided for the probating of the other, without costs to either party. This stipulation settled all doubt, and left each party to pay their own attorneys and their own costs.

As to the $194, the jury found in reply to a special question that it was "agreed between the administrator and all the heirs or their representatives that he should have his fees out of the estate just the same." Under this finding we see no objection to the allowance of this item. The $400 will be eliminated from the account, and the balance of the account affirmed.

The appellants will recover costs.

BLAIR, C. J., MONTGOMERY, BROOKE, and McALVAY, JJ., concurred.