*In re* SAIER'S ESTATE.

APPEAL OF ZIMMER.

1. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—NECESSITY OF EXCEPTIONS.

Failure to except to the submission to the jury of questions arising on appeal from the disallowance of an administrator's account, precludes a review of the point on writ of error.

2. SAME—FINDINGS OF COURT.

Exceptions to findings of the trial court, too general to indicate the ground of objection, will not be considered on error.

3. EXECUTORS AND ADMINISTRATORS — FINAL ACCOUNT — NEGLIGENCE—INTEREST.

Evidence that the administrator neglected to collect rent and failed to deposit funds of the estate where they might draw three per cent. interest, but mingled them with his own, sustains a finding by which the rents and interest on semi-annual balances are charged to him.

4. APPEAL AND ERROR—CONSOLIDATION OF APPEALS.

Where both parties bring error from a judgment, the appeals should be heard as one case.

Error to Ingham; Wisner, J., presiding. Submitted May 6, 1909. (Docket No. 5.) Decided September 21, 1909.

John J. Zimmer presented his final account as administrator with the will annexed of the estate of Elnora Saier, deceased. The account was allowed in the probate court, and Charles Saier and others appealed to the circuit court. A judgment allowing the account in part only is reviewed by the administrator on writ of error. Modified and affirmed.

*John J. Zimmer* (*Black, Reasoner & Hayden* and *Frank L. Dodge,* of counsel), *in pro. per.*

*O. J. Hood,* for appellees.

McALVAY, J. The appeal in this case, taken by both parties to the controversy, from the order of the probate court of Ingham county, was heard in the circuit court for said county before Hon. Charles H. Wisner, presiding, and a jury which had been asked for by one of the parties. After hearing all the evidence, the court submitted to the jury in writing eight issues for them to find and to answer each in writing. The jury agreed upon a verdict, answering all the special questions. The several appeals were consolidated by consent of the parties and the order of the court. Thereupon the court made a finding of the facts, restated the account, and entered judgment thereon. Objections and exceptions were taken to these findings and determination of the court, errors were duly assigned by both parties, and each has taken a writ of error. The cases should have been consolidated and heard together in this court. The appeal of those interested in the estate has been heard and decided. It is reported as *Zimmer* v. *Saier,* 155 Mich. 388 (119 N. W. 433).

The facts there stated are sufficient for the purposes of this case, except such specific matters as may require statement as they are considered. Reference is therefore

had to the opinion of this court in *Zimmer* v. *Saier*, *supra*. The decision in that case is *res adjudicata* upon certain matters in this case. The cases are in effect parts of the same appeal, and, as intimated, should have been heard and decided as one case. Such would have been the action of the court had the situation been understood. The court will consider this case and determine the questions not discussed in the former opinion. Such course can work no hardship upon the contestants whose errors assigned were fully considered.

In this case the administrator with the will annexed has assigned error upon the submission of the case to the jury. We do not find in the record any exception covering this assignment of error. It therefore cannot be considered.

The remaining assignments of error relate to the account in question, and refer to claimed errors of the court in admitting, and refusing to allow, evidence relative to certain items, to the action of the court in refusing the administrator certain credits, and in surcharging his account with certain amounts in the restatement of the account made by the court, and to the judgment entered by the court against the appellant, and the sureties on his appeal bond. This final account of the appellant is of great length, and much time has been spent in giving it and the evidence in the record relative to the disputed items, and those amounts which the appellees claim should be charged to the administrator, such examination as has been necessary to a proper understanding of the facts in relation to the questions raised.

Some of the exceptions to the findings of the court are too general. What the objection may be is not indicated. To go into detail as to the others would be of no benefit to the profession. Only such as require special consideration will be referred to.

The charges made by appellant for professional services rendered by himself and others disallowed by the trial court are referred to in the opinion in the other case as

unjust and illegal charges. There is no question that appellant had no authority to make them, and they were properly rejected.

The decision of the court on the other appeal, disallowing $400 paid to counsel, disposes of that item, and is *res adjudicata* in this case.

The trial court surcharged his account with certain items for uncollected rent, interest on a certain claim, interest and charges on taxes neglected, and interest on semi-annual balances. We think such finding was warranted by the evidence. Appellant had failed to make deposit as he should have done, and had commingled the estate with his own funds, and thereby lost to the estate 3 per cent. on semi-annual balances. The rent charged was lost by his neglect, and the interest was on a claim he was ordered by the court to pay, which order he neglected to obey. The foregoing shows the character of the items disallowed or surcharged in this case by the trial court. Many other items were disallowed, and in tracing them in the record we find that in each instance the court was correct in so doing. By the restatement of the account according to his findings the court charged appellant with the sum of $6,203.70, credited him with $4,190.99, leaving a balance charged to him of $2,012.71. Adding to this balance the amount of $400, held in the other case to have been improperly allowed, and $94.50 found in that case to be a charge against him for interest, the balance due the estate from appellant is found to be $2,507.21.

The judgment of the circuit court, except as modified, is in all respects affirmed, with costs in favor of the appellees, and against the appellant personally.

BLAIR, C. J., and HOOKER, MOORE, and BROOKE, JJ., concurred.