CLIFTON *v.* KEELER.[1]

1. ESTATES OF DECEDENTS—DUTIES—EMPLOYMENT OF COUNSEL.

Where decedent and his wife were killed, nearly simultaneously, in a railway accident, and, under the terms of the will, the wife would have received the residuary legacy unless she died first, the administrator with the will annexed should proceed to collect the assets and obtain an adjudication of the right to the property, and cannot be enjoined from employing counsel at the expense of the estate to contest the complainant's claim as an heir of deceased.

2. SAME—EQUITY JURISDICTION—INJUNCTION—EXECUTOR AND ADMINISTRATOR.

Equity may in a proper case restrain an administrator from unlawfully dissipating an estate.

Appeal from Jackson; Parkinson, J. Submitted October 12, 1909. (Docket No. 45.) Decided November 5, 1909.

Bill by Elizabeth Clifton against George L. Keeler, administrator with the will annexed of the estate of John Parr, deceased, to restrain defendant from using funds of said estate in an appeal from an order of distribution. From an order sustaining a demurrer to the bill, complainant appeals. Affirmed.

*R. S. Woodliff,* for complainant.

*Richard Price,* for defendant.

BROOKE, J. The bill of complaint in this cause is filed by Elizabeth Clifton, who claims to be an heir at law of John Parr, deceased, against the defendant, who is administrator with the will annexed of the estate of said Parr. It appears that John Parr and his wife were killed

---

[1] Rehearing denied December 10, 1909.

in a railway accident, dying at or nearly at the same time. Parr left a will, by the terms of which his wife was made residuary legatee and sole executrix. This will was admitted to probate, and the defendant was made administrator with the will annexed. Upon the coming in of the final account the complainant appeared by her counsel, and objected to several items of disbursement made by the administrator, and particularly to sums paid for monument, for funeral expenses, and for counsel fees. Before the order of distribution was made, testimony was taken in the probate court to determine whether or not Mary Parr survived her husband. At this hearing complainant was represented by her counsel, who examined and cross-examined witnesses, and apparently urged upon the court his contention that Mary Parr had died at the same moment John Parr had died, and that, therefore, the legacy given to her in John Parr's will had lapsed, and claiming that the residuary estate should be distributed among the heirs at law of John Parr. The probate judge found against this claim, and made an order of distribution which directed the defendant herein to turn over the residue of the estate to the administrator of the estate of Mary Parr.

From the order allowing the final account, and making distribution of the residue as above, complainant appealed to the circuit court, and, while said appeal was pending, filed this bill to enjoin the defendant—

" From using any further funds of said estate in further prosecuting or defending said appeal in so far as the same does not affect his final account; that he may be further restrained and enjoined from taking any part as such administrator in said appeal so far as the rights of the heirs at law of said Marry Parr, deceased, are opposed to any claim of the estate, claiming through or as heirs at law, of said John Parr, deceased, and further restraining and enjoining him as such administrator from using any funds of said estate, either for attorney's fees or expenses in the prosecution of said appeal, or defending against the same in any way as administrator of such estate, and from in-

terfering as such between the rights of conflicting legatees, heirs at law, or other claimants to the funds arising from said estate under an order of distribution to be entered therein."

The bill charged collusion between defendant and the heirs and administrator of Mary Parr, as well as unlawful expenditure on the part of the administrator.

An order to show cause why a temporary injunction should not issue having been served upon defendant, he made a return thereto, under oath, denying all the allegations of the bill charging him with collusion with the administrator of the estate of Mary Parr, deceased. He at the same time filed a demurrer to the bill upon the ground that it lacked equity, and that complainant had an adequate remedy at law. Upon argument the demurrer was sustained, and complainant has appealed. In the meantime we are advised in complainant's brief that the appeal from the orders of the probate court has been heard in the circuit court where a decision, adverse to complainant's contention, was rendered, and that she had thereupon removed that case to this court by writ of error.

It is the claim of complainant that it is no concern of the administrator, whether the residue of the estate is assigned to the heirs of John Parr or to the heirs of Mary Parr. This is unquestionably true, yet the statute (3 Comp. Laws, § 9316) provides that:

"Every person who shall be appointed administrator with the will annexed, shall, before entering upon the execution of his trust, give bond to the judge of probate in the same manner, and with the same conditions, as is required of an executor, and shall proceed in all things to execute the trust in the same manner as an executor would be required to do."

It is obvious that, before the trust can be executed by the administrator, there must be a determination of the question as to who is entitled to be considered in the order of distribution. That order having been made by the probate court, the complainant herein (and other alleged

heirs at law of John Parr) appealed, giving a bond to the defendant herein as the adverse party. She now seeks to restrain him from taking part in the determination of her appeal. We are of opinion that this should not be done.

In *Crane* v. *Beedle*, 95 Mich. 524 (55 N. W. 433), this court said:

" Two parties are here claiming the right to the proceeds of said estate upon distribution thereof. As to which is the proper distributee is a matter that can only be determined in the proper course. If for no other reason, it is the duty of the administrator to collect the property, and then proceed in the usual course to have the question as to who is entitled to the property properly determined."

This does not, of course, mean that the administrator is at liberty to dissipate the estate by the unwarranted expenditure thereof for counsel fees or expenses. His acts and disbursements are always subject to the closest judicial scrutiny, and, when he is found to have made improper payments from the estate, he will be held strictly accountable for the same. See *Zimmer* v. *Saier*, 155 Mich. 388 (119 N. W. 433). We think the rights of the complainant, whatever they may be, will be fully preserved upon the determination of her appeal from the circuit court. If she is found to be entitled to the residuary estate of John Parr, the same must be paid to her, less only the proper expenses of administration, and what those are will appear by proper judicial determination.

By the foregoing we do not mean to hold that a court of equity has not jurisdiction in a proper case to restrain an administrator from unlawfully dissipating an estate. Such a case might arise. This, however, is not one.

The decree is affirmed.

BLAIR, C. J., and GRANT, MOORE, and MCALVAY, JJ., concurred.