*In re* PARR'S ESTATE.

1. NEW TRIAL—APPEAL AND ERROR—WEIGHT OF EVIDENCE.
   The jury are the sole judges of the weight to be given to competent evidence on conflicting claims.

2. CONTINUANCE—GROUNDS.
   An appellant who is interested in but one issue is not entitled

to a continuance on the ground that the adverse party, on an appeal from probate court, appeared for the first time in circuit court, and was prepared to contest the question.

3. EXECUTORS AND ADMINISTRATORS—POWERS AND DUTIES.
   The right of the appellee as executor of the estate of decedent's wife, who was killed in the same accident as decedent, to appear in a proceeding involving the rights of survivorship of the two decedents, is concluded by the decision in *Clifton* v. *Keeler*, 158 Mich. 615 (123 N. W. 22).

Error to Jackson; North, J., presiding. Submitted January 14, 1910. (Docket No. 51.) Decided May 7, 1910. Rehearing denied July 15, 1910.

George L. Keeler, administrator, with the will annexed, of the estate of John Parr, deceased, presented his final account asking for its allowance and an order of distribution. The account was allowed in the probate court, and Elizabeth Clifton and others appealed to the circuit court. A judgment sustaining the order of the probate court is reviewed by contestant Clifton on writ of error. Affirmed.

*R. S. Woodliff* and *James J. Noon*, for appellant.
*Richard Price* and *Benjamin Williams*, for appellees.

McALVAY, J.   The administrator with the will annexed of the estate of John Parr, deceased, filed his final account in the probate court of Jackson county, asking for an allowance of the same, and for an order of distribution. From an order granting the petition of the administrator, Elizabeth Clifton appealed, upon several grounds, to the circuit court. Another appeal from the same order was made by two others who claimed to be entitled to share in such distribution. These appeals appear to have been consolidated and heard together in the circuit court. The case was tried before the court with a jury, and a verdict returned against appellants, upon which a judgment in the usual form was entered. Elizabeth Clifton, upon a

writ of error, seeks a reversal of this judgment for claimed errors assigned by her.

John Parr and his wife were childless. He died leaving an estate of about $16,000. During his lifetime he made a will devising and bequeathing all of his estate, after payment of debts and expenses of administration, except $1,500 in specific legacies, to his wife, and appointed her executrix. All of these facts are not printed in the record, but nearly all are mentioned in the record and briefs, and the court has knowledge of them from the record and briefs in a recent case before it, which arose out of the present litigation. (*Clifton* v. *Keeler*, 158 Mich. 615 [123 N. W. 22].)

The appellant in this controversy claims as trustee and assignee of the heirs of John Parr. The appellee represents his estate as administrator with the will annexed. The sole question submitted to the jury, under oral stipulation in open court, was that of survivorship of these parties. If Mr. Parr died first, his wife would take under the will, and the estate would descend to her heirs. If she died first, appellant and others claiming through him, upon a proper showing to that effect, would inherit his estate. The jury found that Mrs. Parr survived her husband. A motion was made by appellant to set aside this verdict, because not supported by evidence, and against the weight of the evidence in the case. This was denied, and error assigned upon such denial is the basis of the principal argument of appellant. All of the evidence in the record upon this question has been read and carefully considered. It will be unnecessary and without profit to digest the testimony, and give the details of this fatal accident which crushed out the lives of these two individuals. The record contains competent evidence to be considered by the jury in determining the question of survivorship, and the verdict is supported by evidence. The jury were the sole judges of the weight which should be given to it, and in our opinion the verdict was not against the weight of the evidence.

We do not find any errors committed in the charge of the court or refusals to charge, nor in the argument of counsel for appellee to which exception was taken.

Another question requires attention. At the opening of the trial counsel for appellant stated to the court that he was ready for trial as the issue then stood; but if the administrator of the estate of John Parr was to be represented and take part in the case, appellant was not ready, for the reason that the administrator of Mary Parr's estate had entered no appearance in either court, and had made no contest in probate court; that appellant was ready to meet any question which the administrator was properly and legally entitled to contest; and that if put to trial upon the question of survivorship a continuance must be asked. The court denied the motion for a continuance, and allowed the administrator to be represented by counsel and take part in the trial. Error is assigned upon such ruling. It is urged by appellant that the administrator of Mr. Parr's estate had no right to take any part in this contest, or to litigate the question of survivorship, which is to determine who are entitled to that estate.

It appears from the record that this administrator with the will annexed was the appellee in the circuit court, and was recognized by the appellants as the adverse party in serving notices required in the proceedings. The only question appellant was interested in was that of survivorship. It cannot be claimed to be a surprise to her because the adverse party was present in court to try that issue. It was within the discretion of the court to permit an attorney to represent appellee upon the trial of the probate appeal.

The objection of appellant goes further, and rests upon the claim that this administrator had no right to take part in the determination of her appeal. This court has already expressed its opinion upon that question in a case already mentioned, where this appellant filed her bill of complaint against this administrator, seeking to restrain him from doing the identical thing he was undertaking to

do in the case at bar. The relief was denied and the bill dismissed. *Clifton* v. *Keeler*, 158 Mich. 615 (123 N. W. 22). No error was committed in overruling this objection of appellant.

The judgment of the circuit court is affirmed, and the case will be remanded, to be certified to the probate court for such further proceedings as may be required by law.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.