*In re* ESTATE OF RAHN.

1. EXECUTORS AND ADMINISTRATORS—PROBATE COURT HAS POWER
   TO COMPEL EXECUTOR TO ACCOUNT FOR LOSS THROUGH HIS FRAUD.
   The probate court has jurisdiction to compel an executor
   to account for a loss sustained by the estate through a
   fraudulent sale of real estate to his wife for less than its
   true value.

2. SAME—JUDGMENT — RES ADJUDICATA — ALLOWANCE OF ACCOUNT
   NOT CONCLUSIVE WHERE FRAUD CONCEALED.
   The allowance of the first annual account of an executor
   is not binding and conclusive, where the fact that he had
   made a fraudulent sale of real estate to his wife, resulting
   in a loss to the estate, was not known at the time, and
   therefore not challenged (3 Comp. Laws 1915, § 14089).

Error to Wayne; Moynihan (Joseph A.), J.    Sub-
mitted October 14, 1927.    (Docket No. 78.)    De-
cided December 1, 1927.

Hermann C. Rohns presented his final account as
executor of the will of Jacob Rahn, deceased.    The
account was allowed in the probate court, and Ida
Schenk and others appealed to the circuit court.
Judgment for plaintiff.    Defendants bring error.    Re-
versed.

*Frank A. Martin,* for appellants.

*Howard H. Colby* and *Bernard P. Costello,* for ap-
pellee.

McDONALD, J.    The appellants who are heirs-at-law
of Jacob Rahn, deceased, and residuary legatees in
his will, have brought error to review a judgment of
the circuit court for the county of Wayne allowing on

---

[1]Executors and Administrators, 24 C. J. § 2330; 11 R. C. L.
181; [2]Id., 24 C. J. § 2489 (Anno).

appeal the final account of Hermann C. Rohns, executor. Jacob Rahn was a resident of the city of Detroit, Michigan. He died on September 29, 1915, possessed of certain real estate which the appraisers inventoried at $2,750. Hermann C. Rohns was named executor in his will with power to sell the real estate. He sold it to his sister-in-law, Mrs. Adele Payette, for $3,550, who subsequently sold it to Clara Rohns, wife of the executor, for the same consideration. Mrs. Rohns sold it on land contract to a man named Farinelli for $6,000. On the 20th of November, 1917, the executor filed his first annual account in which he charged himself with $3,550, as being the amount received from the sale of the real estate. Certain items in this account were objected to but no objection was made to the sale of the real estate or to any charge concerning it. The account was allowed and no appeal was taken therefrom. The next account was the final account filed on the 15th of June, 1925. Objections were made to this account but it was allowed. An appeal was taken to the circuit court, where, upon hearing, the order of the probate court was affirmed. It is this judgment of the circuit court which is before us for review.

The principal objection to the account is that it does not include a charge against the executor for what the estate lost by reason of a fraudulent sale of the real estate for less than its true value. It is charged that the sale to Mrs. Payette for $3,550 was not a good-faith transaction, that the actual purchaser was Clara Rohns, the executor's wife, and that her sister, Mrs. Payette, was merely the instrument used to carry out the fraudulent scheme of getting the property into the executor's family for much less than its fair value. The appellants contend that, because of this fraud and its resultant loss to the estate and benefit to the executor, he should be charged in the account in ques-

tion with the difference between the $6,000 received by his wife for the property and the $3,550 which Mrs. Payette paid for it.

As to this contention, the circuit judge held that such loss could not be charged against an executor in an accounting in the probate court, that the only jurisdiction of that court was to compel the executor to account for the money actually received, that it could not inquire into the question of bad faith in making the sale and that the appellants' only remedy was in an action at law or in equity.    Taking this view of the powers of the probate court, the trial judge was of the opinion that, though the sale were fraudulent, the circuit court had no jurisdiction to inquire into that matter on the hearing of an appeal from an order allowing the executor's account.

Assuming the facts to be as the appellants claim, there is no doubt about the executor's liability for the loss sustained by the estate through the fraudulent sale.    The question is whether there is any authority in the probate court to charge him with such loss in the settlement of his accounts.    The statute relative to an accounting by executors and administrators (3 Comp. Laws 1915, § 14104), provides:

"Every executor and administrator shall be chargeable in his account with the total of the goods, chattels, rights, and credits of the deceased, which may come into his possession; also with all proceeds of real estate which may be sold for payment of debts and legacies, and all the interest, profit and income which shall in any way come to his hands from the estate of the deceased."

Counsel for the executor relies on this statute to support his contention that the executor cannot be compelled to account to the probate court for any of the proceeds from the sale of real estate except those which actually come into his hands; that if he has received any secret benefits from the sale or if the

estate has suffered a loss because of his neglect or fraud, such matters can only be determined in an action at law or in chancery.

We cannot agree with this contention.   In *Brooks* v. *Hargrave,* 179 Mich. 136, 144, 146, it is said:

"It is well established in this State that the probate court has exclusive jurisdiction in all matters relative to settlement of estates of deceased persons, except in cases where its remedies are inadequate.   *   *   * A great part of the time of probate courts is given to matters of accounting, and estates cannot be closed and the executor or administrator discharged until a proper account has been filed and the court satisfied that the disbursements claimed to have been made are proper and legal.    A mere complexity of accounts should not, and does not, oust that court of jurisdiction.    It is only when other interests than those of the estate and the executor are involved that the chancery court assumes jurisdiction, rather because of the complexity of the parties than because of the complexity of the accounting."

In the proceeding in the instant case, there are no other interests involved than those of the estate and the executor.    There is no "complexity of parties." It is not a proceeding to set aside the sale.    If it were, it would be necessary to bring in other parties and to judicially determine their interests.    That could not be done in the probate court.    Probate courts are not vested with general chancery powers, but they have jurisdiction over the accounts of executors and administrators; and this case involves merely an accounting by an executor.    The appellants are asking for nothing more than that he be compelled to file a proper account, and that he be charged with what the estate has lost by his failure to act honestly and to properly administer his trust.    In *Re Saier's Estate,* 158 Mich. 170, it appeared that the administrator neglected to collect rent, to pay taxes, and failed to deposit funds of the estate where they would draw

interest, but mingled them with his own. In that case, this court sustained the action of the trial court in surcharging the administrator's account with the uncollected rents, with charges on taxes which he had neglected to pay and with interest lost to the estate because of his failure to deposit money where it would draw interest.

In 4 Schouler on Wills (6th Ed.), § 2951, it is said:

"If in the sale or management of the land, * * * the representative is guilty of culpable negligence or bad faith, resulting in loss to the estate, he may be charged with such loss on his accounting."

In 24 C. J. p. 176, § 663, it is said:

"In a case where the court authorized the executor's wife to bid at a sale of real estate under testamentary power, it was held that the executor should be surcharged with the difference on the amount received on a sale to his wife and what would have been realized at a fair sale;" citing *Dundas' Appeal,* 64 Pa. St. 325.

The circuit judge was wrong in holding that the probate court had no authority to inquire into the bad faith of the executor in making the sale and to surcharge his account with any loss sustained by the estate because thereof.

Complaint is also made by the appellants of the trial court's ruling that the order allowing the first annual account, which was not appealed from, is *res adjudicata* of the question here involved. The only item in the first account concerning a sale of the real estate was a credit to the estate for the amount of the purchase price. This item was not challenged and no claim was made that the sale was fraudulent. It is the claim of the appellants that they had no knowledge at that time of the collusive agreement between the purchaser and the executor to transfer the property to his wife. If there was such an agreement, there was

241—Mich.—3.

a fraudulent concealment on the part of the executor in his account.    His bad faith in making the sale and the loss therefrom to the estate was unknown to the appellants and to the court.    In view of these facts, the allowance of the account was not binding and conclusive.

"The allowance of the annual accounts of testamentary trustees on notice is made by statute final and binding upon all parties in interest except for fraudulent concealment or fraudulent misrepresentation (3 Comp. Laws 1915, § 14089)."    *Raseman* v. *Raseman*, 234 Mich. 237, 244.

The record presents no other questions which require discussion.

The judgment is reversed, with costs.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, and CLARK, JJ., concurred.

The late Justice SNOW took no part in this decision.