*In re* CHITTICK'S ESTATE.

HINES *v.* BROWN.

1. APPEAL AND ERROR—GUARDIAN AND WARD—INVESTMENTS—WAR VETERANS—STATUTES.

On appeal from order of probate court respecting investments of funds of an incompetent war veteran, where statute has been changed since such order was made, order of remand to such court should include authority to it to grant a further hearing and make appropriate order in accordance with existing statutory provisions (1 Comp. Laws 1929, § 821, as amended by Act No. 263, Pub. Acts 1931; Act No. 321, Pub. Acts 1937).

2. GUARDIAN AND WARD—INVESTMENTS—WAR VETERANS.

Propriety of investments of a guardian of an incompetent war veteran should be tested in the light of the law in force at time they were made and not by subsequently enacted statutory provisions.

3. SAME—INVESTMENTS—FINDING OF CIRCUIT JUDGE—STATUTES.

Finding of circuit judge on guardian's appeal from order made upon rehearing of eighth annual account disapproving certain investments that such account should have been allowed as filed and guardian not held liable on theory of misappropriation, fraud or carelessness in making the investments *held*, sustained by record in view of statutes existing at time such investments were made (1 Comp. Laws 1929, § 821).

4. SAME—LIQUIDATION AND REINVESTMENT OF ESTATE FUNDS—DISCRETION OF PROBATE COURT.

It is clearly within the power and discretion of a probate court, having supervision of administration of estate of an incompetent war veteran to order liquidation of former investments of funds of the estate and reinvestment thereof in accordance with current statutory provisions and in the absence of an abuse of discretion, the order of the probate court should not be disturbed by a reviewing court.

5. SAME—ACCOUNTING—DISCOUNTS.

Guardian may be held to account only for the amount of the estate's funds reinvested and expended in real estate securities, ordered liquidated and proceeds therefrom, not for the face value of the securities where same have been purchased at a discount.

6. SAME—ALLOWANCE OF ANNUAL ACCOUNT CONCLUSIVE—APPEAL.

Order of probate court allowing a guardian's annual account, in the absence of fraudulent concealment or fraudulent misrepresentation, is conclusive except an appeal is taken.

7. SAME—ALLOWANCE OF ANNUAL ACCOUNT—RES JUDICATA.

On appeal by veterans administration from allowance of eighth annual account of guardian of an incompetent war veteran, where stipulation was filed that no appeal was taken from allowance of seventh annual account, such seventh account is *held, res judicata* as to such appellant, especially where record requires drawing of inference that each of the seven accounts had been submitted without fraudulent concealment or fraudulent misrepresentation (1 Comp. Laws 1929, § 821).

8. SAME—ANNUAL ACCOUNTS—ITEMIZATION OF ACCOUNTS—FRAUD
    —RES JUDICATA.
       Guardian's first seven annual accounts, as presented to probate
       court and approved by it, *held*, sufficiently itemized and sub-
       mitted without fraudulent concealment or fraudulent misrepre-
       sentation, hence are *res judicata* and not subject to reopening
       by veterans administration upon rehearing on eighth annual
       account.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted June 9, 1938. (Docket No. 64, Calendar
No. 38,821.) Decided October 5, 1938.

In the matter of the estate of John L. Chittick,
mentally incompetent. George C. Brown, guardian
of John L. Chittick, presented for approval his
eighth annual account. Account approved. Frank
T. Hines, administrator of veterans' affairs, peti-
tioned for a rehearing on allowance of account.
From order entered upon rehearing, the guardian
appealed to circuit court. Judgment for guardian.
Administrator Frank T. Hines appeals. Modified
and remanded.

*Walter H. E. Scott,* for appellant.

*Sigmund S. Zamierowski,* for appellee.

*Dale Souter,* guardian *ad litem.*

NORTH, J. In January, 1923, the probate court
of Kent county appointed George C. Brown, a prac-
ticing attorney in Grand Rapids, guardian of John
L. Chittick, a mentally incompetent person. This
ward is the recipient of benefits of insurance and
compensation from the veterans' administration
(bureau) under provisions of Federal statutes.
The probate court after hearing has approved seven

annual accounts of the guardian. The eighth annual account was filed, heard and approved; but upon the petition of the veterans' administration a rehearing of the guardian's petition for approval of his eighth annual report was ordered. This eighth annual report covered the period from July 18, 1930, to July 17, 1931. Upon the rehearing the probate judge disapproved of certain investments of the funds of the estate theretofore made by the guardian and ordered the guardian to reinvest within 20 days the funds of the estate, except such as were needed for current necessities of the ward, in such securities as were required by Act No. 156, Pub. Acts 1929 (1 Comp. Laws 1929, § 821), as amended by Act No. 263, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 821, Stat. Ann. § 4.961). The pertinent portion of the amended act reads:

"Every guardian under this act shall invest the funds of the estate in securities, legal for savings banks under the provisions of section twenty-four of act number sixty-six of the public acts of nineteen hundred twenty-nine, and/or in the shares of any building and loan association incorporated under the laws of this State."

The above quoted amendment became effective September 19, 1931.

Upon an appeal by the guardian from the order of the probate court just above mentioned, the circuit judge set aside the order and entered one approving and allowing the eighth annual account of the guardian, as filed in the probate court. Frank T. Hines, as administrator of veterans' affairs, has appealed from the order and decree of the circuit court and has assigned some 15 reasons in support of such appeal. The burden of his appeal

is that the items of this eighth annual account, as well as the preceding annual accounts, are indefinite and not sufficiently detailed, that the guardian has been guilty of misconduct in the management of the estate, and that even in the absence of a showing of fraudulent conduct the guardian has made improper investments of the funds of the estate by having invested the same in real estate equities which were subject to prior incumbrances, by having made unsecured loans, and by having used such funds in transactions in which the guardian and his relatives were personally interested.

If the subject-matter of this litigation is worthy of review, the delay in bringing it to this court seems to be without explanation or excuse. The order of the probate court here involved was made November 7, 1933, but the record on appeal was not filed in this court until May 17, 1938. All of the items in this eighth annual account about which there is any controversy whatever had been embodied in one or more of the previous annual accounts of the administrator which had been presented to and approved by the probate court.

Disposition of this appeal is further complicated by the fact that the law governing the administration of estates of this character has been changed since the order of the probate court was made, and this change in the statute is such as to make the former order inapplicable. We have quoted the amended statute which was in effect at the time the probate court made its order. But by Act No. 321, Pub. Acts 1937, the act hereinbefore quoted has been repealed, and in lieu thereof specific provisions have been made in section 12 of the 1937 act (Comp. Laws Supp. 1937, § 829-12, Stat. Ann. 1938 Cum. Supp. § 4.971[12]), for investing the funds of estates of this character, and the pro-

visions in the 1937 act differ from the statutory provisions in force at the time the probate court made its order. If this court were to hold that the guardian should at this late date invest the funds of the estate as ordered by the probate judge in 1933, it would be ordering an investment of the funds which might be in violation of the present statutory provisions. This we decline to do. Instead, subject to the modification of the probate court order, as hereinafter indicated, the controversy should be returned to the probate court so that upon such further hearing, if any, as the probate court may deem necessary, an appropriate order for the reinvestment of the funds of this estate, if deemed necessary, may be made in accordance with existing statutory provisions.

Insofar as investments were made by the guardian prior to Act No. 156, Pub. Acts 1929, as amended by Act No. 263, Pub. Acts 1931, the propriety of such investments must be tested in the light of the law in force at the time they were made, and not by subsequently enacted statutory provisions. We think the record sustains the determination of the circuit judge that when so gauged there is nothing in this record which would justify holding the guardian liable on the theory of misappropriation, fraud or carelessness in making the investments. On the other hand, it is clearly within the power of the probate court having supervision of the administration of a trust of this character to order liquidation of former investments of the funds of the estate and reinvestment thereof in accordance with present statutory provisions. Such supervisory administration of these trust funds is a matter within the discretion of the probate judge; and in the absence of an abuse of discretion an order

of that character should not be disturbed by a reviewing court.

It appears from this record that the guardian purchased certain real estate securities at a discount from their face value. In ordering a reinvestment of the funds of the estate, it was the holding of the probate judge that the guardian should account for the face value of such investments, instead of the amount of the estate's funds so expended. This we think was error. The guardian should be required to account only for the proceeds of investments made by him and thereafter approved by the probate court incident to the hearing of a subsequent annual account of the guardian.

Appellant's contention that the hearing by the probate court of the guardian's annual accounts and the court's approval thereof does not constitute *res judicata* of the items passed upon, cannot be sustained.

In the absence of fraudulent concealment or fraudulent misrepresentation an order of the probate court allowing a guardian's annual account is conclusive except an appeal is taken. *In re Horn's Estate,* 285 Mich. 145; *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563; *In re Estate of Rahn,* 241 Mich. 29; *Nowland* v. *Rice's Estate,* 138 Mich. 146. Appellant seeks to avoid the force of the above cited cases by urging that the veterans' administration had no notice of the hearings on the respective annual accounts, and in particular that after the uniform veterans' guardianship act became effective (Act No. 156, Pub. Acts 1929) the statute specifically required that notice of the hearing and approval of accounts of this character be served upon the veterans' administration. Appellant points out that as to the guardian's sixth and seventh annual accounts

no such notice was given. However, it does appear from this record that long after the representative of the veterans' administration appeared in this litigation a stipulation was entered as follows:

"It is stipulated that the seventh annual account was allowed by the probate court of Kent county, Michigan, on October 31, 1935, it not having been allowed earlier through inadvertence.

"That no appeal has been taken therefrom."

Surely, in view of such a stipulation having been entered into after appellant became a party to these proceedings, it must be held appellant and the veterans' administration, which he represents, are chargeable with notice of the allowance of the guardian's seventh annual account; and it also must be held that the allowance of the items contained in that annual account constitutes, as to appellant, *res judicata* thereof. In this connection it may be noted that, in our opinion, the only just inference that can be drawn from this record is that each of the annual accounts submitted by the guardian has been so submitted without "fraudulent concealment or fraudulent misrepresentation." And further, notwithstanding appellant's complaint to the contrary, we find that the guardian's annual accounts as presented to the probate court were sufficiently itemized. It follows that appellant cannot now reopen the numerous items of these accounts. Incident to a hearing of previous annual accounts they have been approved by the probate court, and such action constitutes *res judicata* thereof.

As to the guardian's eighth annual account, from the allowance of which this appeal has been taken, appellant has been present at and participated in a hearing both in the probate court and in the circuit

court. The record sustains the order of the circuit judge in allowing the eighth annual account of the guardian; and his holding to that effect is affirmed. However, as hereinbefore stated, it is within the power of the probate court, as provided in the order from which this appeal was taken, to direct the guardian to reinvest the funds of the estate in accordance with the present statutory provisions, if in the sound judgment of the probate judge liquidation of the present assets of the estate and reinvestment of the proceeds derived therefrom is reasonably requisite to the proper administration of the estate.

The case will be remanded to the circuit court and by it certified back to the probate court for further proceedings not inconsistent herewith. Costs of this court will be taxed against appellant.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.