In the Matter of the Estate of Frederick Kempf. Christiana Kempf's Appeal.

*Construction of will—Farm property—Costs.*

1. A testator left his wife all the personal property "belonging to or used in connection with" his farm and being thereon at the time of his death, to be used by her until his youngest son came of age, it being his intention to keep it in their hands until all should die. *Held,* with some hesitation, that the proceeds of wheat that was in his barn when he died belonged to his residuary legatees.

2. Costs on affirmance of a decision affirming a probate order were allowed to both parties out of the estate, where the question was one of the proper construction of a doubtful clause in a will.

Case made after judgment from Washtenaw. (Joslyn, J.)
April 9.—April 16.

Appeal from probate order disallowing the account of executrix. The estate had judgment below. Affirmed.

*Frederick Pistorius* for appellant. When real and personal property are disposed of in the same terms the testator's language cannot receive one construction for one class and another for the other: *Ireland v. Parmenter* 48 Mich. 631.

*E. D. Kinne* and *Ezra B. Norris* for appellee.

Cooley, C. J. The appellant is widow of Frederick Kempf, late of the county of Washtenaw, deceased. She is also executor of his will. One clause of the will is as follows:

"I give and bequeath to my said wife all the cattle, horses —except the span of horses or colts and harnesses otherwise disposed of—sheep, hogs, farming tools, implements and machinery, wagons, carriages, harnesses, and all other personal property belonging to or used in connection with said farm, and being thereon at the time of my death, to be used and enjoyed by said wife until my youngest son W. Bernhard Kempf, shall come of age."

Following this were provisions for the contingency of this son dying before coming of age; and it then proceeds:

" It being my intention to keep said farm and the personal property thereon in the hands of my said two sons, W. Bernhard Kempf and Andrew Kempf, or either of them, and their heirs and assigns, forever ; and in the hands of my said wife during life ; and only when death shall have swept away all three of them, shall said farm and said personal property pass to my other heirs at law according to the laws of descent."

The will bore date June 7, 1879. The testator died January 6, 1882. At the time of his death he had wheat in the barn on his farm which had been raised on the farm, and which the executrix afterwards sold for upwards of $400. When she rendered her accounts in the probate court she claimed the proceeds of this wheat under the clause in the will above recited ; but the judge of probate decided that it belonged to the residuary legatees. She appealed to the circuit court from this decision, and it was there affirmed. She then removed the case to this Court.

We are inclined to hold with the probate and circuit courts, that the widow is not entitled to this money. The wheat had been harvested and threshed before the testator's death, and though it still remained upon the farm, it was only there awaiting a proper and convenient time for marketing. Had it been sold before he died or had it even been stored in some mill or warehouse to await sale, it would have been clear that the widow could not claim it. But the storing it off the farm rather than on it is not a circumstance on which the testator would have been likely to make his gift depend ; and there is good reason for believing that he did not intend to give to the widow under the general language made use of by him, any marketable commodity which at the time of his death had no other connection with the farm than that of awaiting upon it a time for marketing. Still, the question of construction is not free from doubt in our minds ; and in affirming the order we think it proper to allow to the appellant, as well as the appellees, her costs, to be taxed by the probate judge against the estate.

The other Justices concurred.