STRANG *v.* HILLSDALE CIRCUIT JUDGE.

APPEAL FROM PROBATE COURT—NOTICE TO ADVERSE PARTY.

> Residuary legatees are entitled to notice of an appeal from an order of the probate court admitting the will of their decedent to probate, under 2 How. Stat. § 6781, providing that notice shall be given to the adverse party; and where an appeal has been taken without notice to such legatees, it is not error for the circuit court to require that notice be served upon them.

*Mandamus* by Enoch Strang to compel Victor H. Lane, circuit judge for Hillsdale county, to vacate an order requiring the giving of an additional notice of an appeal from an order of the probate court admitting a will to probate. Submitted January 7, 1896. Denied January 28, 1896.

*Watts, Bean & Smith*, for relator.

*Fellows & Chandler*, for respondent.

MOORE, J. The will of William H. Merritt was admitted to probate in the probate court of Hillsdale county. The will, after providing for the payment of all debts, funeral expenses, and expenses of administration, gave to Julia Richmond $600, and the residue of the estate to the children of the sisters of the deceased. The relator, Strang, claimed to be a legatee under a prior valid will, and obtained an order allowing him to appeal from the probating of this will. In allowing the order, the probate court determined that Julia Richmond was the adverse party, and made an order of personal service of the papers upon her. Personal service was had upon her, and the case, as the relator claims, was removed to the circuit court. In the circuit court, Fellows & Chandler appeared specially as attorneys, claiming to represent the children of some of the sisters of William H. Merritt, deceased, and moved to dismiss the proceedings, for the reason that their clients had not been served with notice of the appeal. The circuit court ordered that said cause be dismissed, unless the relator caused to be served upon the residuary legatees, referred to in the last will of said Merritt, notice of said appeal, or cause the same to be published in a newspaper of said county. The order so made by the circuit court is sought to be reversed in this proceeding.

The statute authorizing the appeal provides that "the appellant shall give notice of such appeal to the adverse party, with his reasons therefor, in such manner as the

probate court shall direct." 2 How. Stat. § 6781. It is certain that Julia Richmond was an "adverse party," within the meaning of this statute; and as to her the appeal is well taken, and the circuit court obtained jurisdiction of this case. It having been suggested to the circuit court that the residuary legatees were adverse parties interested in the appeal, it was not error to require that they should have notice.

The writ is denied.

The other Justices concurred.