BRILLIANT *v.* WAYNE CIRCUIT JUDGES.

COSTS—APPEALS FROM PROBATE COURT.

> The discretion of the circuit judge, in causes contested in the circuit court upon appeal from the probate court, to allow to either or both parties their costs to be paid out of the estate in controversy, is limited to the awarding of taxable costs, and an award to an executor of his actual expenses incurred upon the trial is unauthorized.

*Mandamus* by Odelia Brilliant to compel the circuit judges of Wayne county to modify a judgment as to costs. Submitted March 3, 1896. Writ granted July 8, 1896.

*James H. Pound*, for relator.

*James D. May*, for respondents.

HOOKER, J. The will of Julius Lefevre was admitted to probate in the Wayne probate court after a contest upon the ground of want of testamentary capacity. The contestants appealed, and were successful in the end, after three trials in the circuit court. Upon the last trial the circuit court entered a judgment that contestants recover their costs to be taxed, to be paid from the estate, and that the proponents recover from the estate the amount of their actual expenses incurred in the trial of the cause in the circuit and supreme courts, the same to be ascertained by the probate judge on the final settlement of the estate.

Under the statute (2 How. Stat. § 6791) the court might, in a meritorious case, allow costs payable from the estate to either or both parties, but it could not do more than award taxable costs. *Cheever* v. *North*, 106 Mich. 390. If an executor can be reimbursed for his actual expenses

in following a case of this kind to higher courts, it must be in some other proceeding.

The writ will issue directing the circuit court to vacate, so much of the judgment as awards costs to the proponents; relator to receive costs of this proceeding.

The other Justices concurred.