# JUNE TERM, 1897.

## JACKSON v. LEECH'S ESTATE.[1]

1. EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNT—AMENDMENT IN CIRCUIT COURT

   An executor's final account, as presented for settlement in probate court, may, in furtherance of justice, be amended in the circuit court on appeal by adding omitted items.

2. SAME—CHARGES—TOMBSTONE.

   The price paid for a suitable tombstone for a decedent is a proper charge in the executor's final account.[2]

3. SAME—ATTORNEY'S FEES—WHEN ALLOWED.

   Under 2 How. Stat. § 5958, providing that an executor or administrator shall be allowed "all necessary expenses in the care, management, and settlement of the estate, and for his services such fees as the law provides, together with all extra expenses," reasonable attorney's fees for services actually and necessarily rendered by counsel in the settlement of the estate, although yet unpaid by the executor, are properly allowed to him in his final account. HOOKER and GRANT, JJ., dissenting.

Error to Wayne; Simpson, J., presiding. Submitted November 13, 1896. Decided June 28, 1897.

Abram Jackson appealed from an order of the probate court charging him with a large sum in addition to the items of indebtedness shown in his final account as executor of the last will and testament of Rachel M. Leech, deceased. In the circuit court he was allowed to add certain items of credit, and from the judgment thereafter rendered the estate brings error. Affirmed.

---

[1] Rehearing denied November 23, 1897.

[2] The liability of a decedent's estate for funeral expenses is considered at length in a note to *Fogg* v. *Holbrook*, (Me.) 33 L. R. A. 660.

*Thomas S. Jerome*, for appellant.

*Rowland M. Connor* (*John D. Conely* and *C. K. Latham*, of counsel), for appellee.

HOOKER, J. (*dissenting*).   This case is an appeal from the allowance of certain items in an executor's account. The disputed items consist of a debit of $1,000 cash received upon an insurance policy, which he had failed to include in the inventory, and five credits, as follows:

| | |
|---|---|
| Attorney fees to John D. Conely | $400 |
| Paid for tombstone | 250 |
| Paid E. W. Leech for services | 300 |
| Paid expenses of E. W. Leech | 50 |
| Paid repairing sidewalk and cleaning snow | 20 |

None of these items appeared in the account as filed in probate court, which account was filed by Jackson upon a citation, after his removal as executor, and the appointment of the Union Trust Company administrator with the will annexed, at the instance of one Burrows, a creditor.   Upon the hearing the probate court surcharged the executor with a large sum additional to the items stated in his account, which sum was made up of the life-insurance money received, with interest, and a claim for *devastavit*, in that he, in confederacy with Mr. Leech, the husband of the testatrix, had destroyed the value of her holding of stock in a lumber company, and made an order fixing his indebtedness to the estate at the sum of $4,000, from which order Jackson, the executor, appealed to the circuit court.

Upon the trial in the circuit court it was claimed that the executor was an uneducated man, a resident of Canada, and that the business of the estate was carried on through Mr. Leech, and that the money received upon the insurance policy was inadvertently omitted from the inventory under a misunderstanding between the executor and his counsel who prepared the inventory, and that in fact this money was all used in payment of expenses of the estate which were not included among the credits

stated in the account, and application was made for leave
to amend the account by adding the items mentioned,
which was granted, and the case proceeded upon the
theory that it was amended.   It is said that this amend-
ment is unlawful, it being contended that the circuit
court could not pass upon items not considered by the pro-
bate court; and counsel cites *Patrick* v. *Howard*, 47 Mich.
40, and *Dayton* v. *Dakin's Estate*, 103 Mich. 65, in sup-
port of this contention.   These were cases of claims of
creditors, and are distinguishable from this case, which
falls under the well-settled rule that in cases of account-
ing by administrators and executors it is proper for the
circuit court to allow amendments and additions to the
account presented for settlement in furtherance of justice,
in support of which counsel for the executor cite *Brown*
v. *Forsche*, 43 Mich. 501; *Loomis* v. *Armstrong*, 49
Mich. 527, 63 Mich. 366.   We are of the opinion that the
amendment was properly allowed.

A suitable tombstone was a proper charge.   See *Pisto-
rius' Appeal*, 53 Mich. 350.   The other items were
proper ones, provided they were for services rendered to
the estate under circumstances showing them to have
been necessary, and the charges reasonable.   No charge
was made for the services of the executor, and there was
evidence that Leech performed the labor appertaining to the
office.   It was just that the executor should be paid for
the labor performed, and the same may be said of counsel
fees and expenses.   We gather from the record that the
jury passed upon these questions and that the court ap-
proved their verdict, and it is not usual for us to review
disputed questions of fact, if there is evidence supporting
the conclusion reached.   It should, however, appear that
the services were rendered, that they were necessary, and
that the charges were reasonable.   It seems, however, to
be the general rule that services such as these are rendered
for the executor, and that it is only through the medium
of his account that the estate can be charged for them, and
not then until he has paid them.   Such is the practice in

New York under their statute, as shown by cases cited in the appellant's brief. See *Shields* v. *Sullivan*, 3 Dem. 299; *In re Bailey's Estate*, 47 Hun, 477; *Seaman* v. *Whitehead*, 78 N. Y. 309. In *Austin* v. *Munro*, 47 N. Y. 360, executors made a contract for services in vindicating and asserting their claim to property in their representative capacity, and for the benefit of the estate they represented, and it was held not to bind the estate. It was there said:

"The principle is that an executor may disburse and use the funds of the estate for the purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator."

The same rule prevails in Alabama. *Pearson* v. *Darrington*, 32 Ala. 263; *Bates* v. *Vary*, 40 Ala. 441. See, also, 3 Williams, Ex'rs, 425, 494, 495; 2 Williams, Ex'rs, 193-195; Schouler, Ex'rs & Adm'rs, § 544.

The propriety of this rule is made apparent by the account filed in this case, which consists of numerous items alleged to have been disbursed for the estate, such as railroad fare, repairs, taxes, interest, hardware, hotel bills, cleaning sidewalk, painting, etc. All of these were for services or expenses alleged to have been rendered or incurred for the benefit of the estate, and, for aught that we can say, were proper charges if they were paid, but, if not paid, they should not be made a part of the account. The law requires executors and administrators to file accounts periodically, and when ordered by the court. These accounts are supposed to show what the officer has received from and disbursed for the estate, and it would be anomalous for items to be allowed to the executor before he had paid them, even if they were strictly charges against the estate, such as claims allowed by commissioners, or amounts of legacies allowed. In this case those who furnished hardware, paint, and labor for the executor had a charge against him for it, not against the estate, which, when paid by him, whether from his

own or estate funds, he might have asked to have allowed
if a reasonable and proper expenditure. Attorney fees
are upon the same footing. As well might the various
little items of labor for painting, cleaning walks, etc., be
allowed to him before payment, upon the theory that he
had incurred an obligation, as for counsel fees to be
so allowed. The temptations afforded by fiduciary rela-
tions should not be increased by a relaxation of the rule
requiring actual disbursements of estate funds before giv-
ing credit for such disbursements. In *Bates* v. *Vary*, 40
Ala. 441, the court say: "A trustee is not entitled to a
credit on a settlement for such services, or the value of
them, unless he shows payment." In *Re Heather's
Estate*, 15 Abb. N. C. 197, it is said: "In no event
could such allowance be made until the administrator had
paid his counsel, and applied for reimbursement." Simi-
lar language will be found in the case of *Shields* v. *Sulli-
van*, 3 Dem. 300. In *Re Bailey*, 47 Hun, 477, it was
said:

"For payment so made a claim may be made for
reimbursement out of the funds of the estate; but the
rule is well settled that in no event can an allowance be
made by the surrogate for a claim presented by an execu-
tor until he has actually paid his counsel, and has applied
for reimbursement. *Shields* v. *Sullivan*, 3 Dem. 296.
In this case Brisbin, the executor, was credited in his
decree with $200, value of services of George B. Law-
rence, an attorney, and with $150 for services of C. A.
Waldron, his attorney in another action; the undisputed
evidence being that no money had been paid to them; not
a dollar of the funds of the estate had been applied in
making such payment. True, he had given his notes for
the amount, but the surrogate finds as a fact that he was
insolvent, so that the giving of the notes was a mere
matter of form, and the conclusion is almost irresistible
that the attorneys, having abandoned all hope of com-
pensation, accepted the notes so as to reduce the amount
of the executor's liability for moneys received to the dev-
isees under the will. It seems to be clear that the claim
of the executor did not come within the rule justifying
the surrogate in giving the credit as provided in the de-
cree."

That the obligation is due from the executor to the attorney, and not from the estate, is held in many cases. *Tucker* v. *Grace*, 61 Ark. 410; *Pike* v. *Thomas*, 62 Ark. 223; *Long* v. *Rodman*, 58 Ind. 61. In the last-mentioned case the court said:

"In the 149th section of the act providing for the settlement of decedents' estates, etc., approved June 17, 1852, it is provided that the proper court may allow to an executor or administrator reasonable attorney's fees, where he employs an attorney in the management of such estate. 2 Rev. Stat. 1876, p. 546. Under a fair and reasonable construction of this provision, it seems to us that an executor or administrator may employ an attorney in the management of his decedent's estate; that, in the absence of any special agreement to the contrary, such executor or administrator will be personally liable to such attorney for his reasonable fees; that on the payment of such reasonable attorney's fees such executor or administrator shall be allowed therefor by the proper court; and that, in the absence of any special contract by the attorney that he will look to the decedent's estate for his pay, as his reasonable fees are made a proper charge against such estate, such attorney may, as he may elect, enforce the collection of his reasonable fees from such executor or administrator, in his personal capacity, or he may present his claim therefor to the proper court for allowance as a proper charge against such estate. The contracts of an executor or administrator cannot be regarded as in any sense the contracts of the decedent. They are necessarily the personal contracts of the executor or administrator, and he must be held personally liable therefor, when he does not stipulate for exemption from such liability."

This clearly implies that the administrator can have such charges allowed as disbursements, *on payment*. This rule is not based on statute, but, as shown in the New York cases, exists notwithstanding the statute authorizes the allowance of counsel fees. In 2 Williams, Ex'rs, p. 195, it is said: "But no allowance can be made for such fees until they have been actually paid."

The case of *Hoke* v. *Hoke*, 12 W. Va. 427, is supposed to support the allowance in this case, but that may well be doubted. It does not appear that the item was not paid,

and it is not improbable that the only allusion to the subject sprang from the caution of the court in its recognition of the very rule which has been discussed. According to the headnote of that case, it was held that the executor was justified by the circumstances in employing counsel, and that reasonable charges for services might be allowed by the probate court to the executor, *if he had paid them*, and, *if not*, they *might be allowed to counsel, and payment directed by the estate.* It will be noticed in this case that the lower court required that such allowance be based on an itemized statement of actual expenses and charges for services rendered. Id. 455.

It would seem clear, therefore, that whether the charges for counsel fees were reasonable and proper charges as against the estate or not, the court should not have allowed them to the executor, because he had not paid them. Upon payment of said fees it would seem to be a proper subject for another account. The executor should be given an opportunity of making himself whole if he is indebted for such items as are reasonable, and have not been paid, if he acts seasonably.

Another question arises over interest upon the amount collected upon the insurance policy. If, as contended, the executor attempted to embezzle this fund, he is chargeable with interest, subject to an offset by way of interest upon payments for the estate advanced by him or from such fund; otherwise interest should not be allowed upon such fund.

As it clearly appears that neither the counsel fees nor the item for the services of Leech had been paid, the court should not have allowed them. The order of the circuit court should be reversed, and a new trial ordered.

GRANT, J., concurred with HOOKER, J.

LONG, C. J. It is said by my Brother HOOKER that, as the counsel fees had not been paid, the court should not have allowed that item. I cannot agree with that

contention. 2 How. Stat. § 5958, provides: "The executor or administrator shall be allowed all necessary expenses in the care, management, and settlement of the estate, and for his services such fees as the law provides, together with all extra expenses," etc. The charge for an attorney or counsel must, of course, be for necessary services actually rendered, and the liability therefor incurred by the executor. There is no question raised but that the services of the attorney here were rendered to the estate, and were necessary in the settlement thereof, and that the charge is reasonable. The only ground upon which this item of the account is eliminated by my Brother HOOKER is that the executor had not in fact paid it. I am aware that in some jurisdictions this is held to be necessary under the provisions of the statute, but our statute cannot be given that construction. Such a one would, in many instances, work great hardship and loss to estates. Suppose the assets of the estate were not immediately available, and it was threatened with litigation; must the executor advance the money from his own funds? I think not. The statute should be so construed that the executor or administrator may safely procure the aid of legal advisers, and thus bind the estate for the payment of what may be found reasonable. In *Hoke* v. *Hoke*, 12 W. Va. 491, the claim was that the court erred in allowing fees to counsel of appellant as executor, and it was held that it was proper and prudent for the executor to employ counsel, and that it was to the interest of the estate that he should do so, and the allowance was affirmed. The case should not be reversed upon this ground.

The judgment should be affirmed.

MONTGOMERY and MOORE, JJ., concurred with LONG, C. J.