### GOFF v. CASS CIRCUIT JUDGE.

1. WILLS—PROBATE—CONTESTS—APPEAL TO CIRCUIT COURT—JURISDICTION—COSTS—ALLOWANCE.

An appeal from the probate court in a will contest does not remove the entire estate to the circuit court, the jurisdiction the circuit court acquires in such cases being only to hear and determine the will contest, including the right to tax costs in such cases and order the taxable costs to be paid out of the estate. Section 681, 1 Comp. Laws.

2. SAME—APPEAL TO SUPREME COURT—EXPENSE—ALLOWANCE.

Though the circuit court has authority on a will contest to order the taxable costs to be paid out of the estate (section 681, 1 Comp. Laws), it has no authority to order payment of the expense of perfecting an appeal to the Supreme Court out of the funds of the estate.

Mandamus by Leslie Goff to compel Orville W. Coolidge, acting circuit judge of Cass county, to vacate an order awarding the payment out of an estate of an amount for perfecting an appeal. Submitted February 18, 1908. (Calendar No. 22,692.) Writ granted March 31, 1908.

*Smith & Lyle* (*Victor M. Gore*, of counsel), for relator.

*A. Lynn Free* and *Alfred J. Mills*, for respondent.

McALVAY, J.   Relator applies for a mandamus against respondent, acting circuit judge of Cass county, to set aside a certain order made in the matter of the estate of John F. Goff, deceased, in a contested will case, wherein B. O'Dell and others are proponents and Leslie Goff is contestant, tried in said county, and in which said respondent on December 30, 1907, on the application of the proponents, among other things, ordered:

"That the proponents be allowed payment out of the funds of said estate for obtaining copies of the testimony taken on the trial of said cause at the last term of said court, for the purpose of perfecting an appeal to the Supreme Court, not to exceed the sum of three hundred and fifty dollars."

Relator made application to respondent to vacate and set aside this order above quoted.   The motion was denied, and these proceedings were afterward instituted. There seems to be some confusion created by the answer of respondent relative to the order which is sought to be vacated and set aside.   The brief and answer of respondent both indicate that relator never made application to vacate the order complained of.   This is a mistake.   Exhibit 1, a part of respondent's answer, is a copy of the order denying the motion to vacate the order of December 30, 1907, which is the order complained of.   After that motion was denied, and on the same date, December 31, 1907, an order was made staying all proceedings on said order and the payment of money thereon until the further order of the court, for the purpose of giving relator opportunity to test the validity of the order in this court.

On January 21, 1908, an order, which is admitted by counsel for respondent to have been ex parte, was made and entered setting aside the stay of proceedings and ordering the amount allowed by the former order to be paid out of the funds of the estate to proponents' attorneys, for the purpose theretofore ordered.   This order is of considerable length, reciting the facts above stated, and also that it appeared to the satisfaction of the court

that relator's attorneys had made no effort to test the validity of the order in question although more than 20 days had elapsed. This order of January 21, 1908, is the order respondent and his counsel refer to when they say no motion was made before respondent to vacate the order relator asks this court to set aside.

The order of January 21st was not the order which made the allowance complained of. It was an order setting aside a stay of proceedings and carrying into effect the former order. As to knowledge of this ex parte order relator's brief states that it "was unknown to relator's attorneys until after their application to show cause had been made, and was not filed until about the time the order to show cause was issued." This statement was not contradicted. The record in the case shows that the petition to this court was filed January 24th, and the order to show cause issued January 27, 1908.

The only question presented to us, and which is one of importance, is whether a circuit judge has jurisdiction to make such an order as the one before us, compelling an estate to advance money to enable one of the parties in a will contest to carry the case to the Supreme Court. In the case at bar there is a large estate in process of administration in probate court, a special administrator having been appointed to take care of it. The contest upon the will in question was had in that court and was appealed to the circuit court. In that court a trial was had and contestant prevailed. The case was brought to this court for review and the judgment was reversed, and a new trial ordered. *O'Dell* v. *Goff,* 149 Mich. 152. The second trial has occurred with the same result as on the first trial and proponents secured the order in question to enable them again to bring the case to this court.

It has never been claimed that the appeal from the probate court in a will contest removed the entire estate to the circuit court. The jurisdiction the circuit court acquires on such an appeal is to hear and determine the will contest. The circuit court may tax costs in such cases,

and order such taxable costs to be paid out of the estate. Section 681, 1 Comp. Laws. We are not referred to any other authority vested in the circuit court by statute to order other costs paid, or any other payment to be made out of an estate pending in probate court.

Counsel for respondent cite three Michigan cases in support of their contention that the circuit court had authority to make this order, viz., *Conely* v. *McDonald*, 40 Mich. 150. This was a will contest where proponent was the executor named in the instrument and was designated by the probate court as representative on the appeal of all the parties interested. A judgment against proponent was affirmed, costs in all the courts to be paid out of the estate. The case was accordingly certified to the circuit and probate courts.

*Tracy* v. *Murray*, 44 Mich. 109. This was a bill in chancery to determine the rights of a widow under a will, where she had released her dower and accepted a legacy. The estate was insufficient to pay the debts and legacies. She claimed a lien upon the lands prior to all debts and other legacies. In deciding against her the court said: "Costs will be paid out of the estate."

*In re Kempf's Estate*, 53 Mich. 352. An appeal from a probate order disallowing the account of the executrix. This court agreed with the probate and circuit courts disallowing the claim and thought it proper to allow both parties costs "to be taxed by the probate judge against the estate."

We do not think the cases cited are in point. The presumption in all these cases is that the costs allowed were the usual taxable costs, and in the last case they were ordered to be taxed by the probate court. The question of taxable costs is not in this case. The respondent assumes authority to pay proponents, out of an estate not within the jurisdiction of his court, funds to enable them to make an appeal.

We think that the probate court is the only forum clothed with such authority. Such court has original

and exclusive jurisdiction in the matter of the administration of the estates of deceased persons. No claims can be allowed against such estates except presented in that court for allowance. Such claims are passed upon by the probate judge, the commissioners on claims, or by the probate court upon the accounts of executors and administrators. Chapters 252 and 253, 3 Comp. Laws.

The circuit courts may order taxable costs to be paid out of estates. Section 681, 1 Comp. Laws. *Brilliant* v. *Wayne Circuit Judges,* 110 Mich. 68. And this court has construed to the same effect, sections 9440 and 11275, 3 Comp. Laws. *Cheever* v. *North,* 106 Mich. 390 (37 L. R. A. 561). The allowance for counsel fees is for the probate court. *Waldron* v. *Waldron,* 45 Mich. 350; *Jackson* v. *Leech's Estate,* 113 Mich. 391.

This court granted a mandamus where the circuit court awarded an executor his actual expenses in following a will contest to higher courts, setting aside such allowance, and intimated that to be reimbursed for such matters proceedings should be had in probate court. *Brilliant* v. *Wayne Circuit Judges,* supra. See, also, *Toms* v. *Williams,* 41 Mich., at page 576.

Our conclusion is that the respondent has no jurisdiction to make the order in question.

The writ is granted.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.