*In re* QUINN'S ESTATE.

1. APPEAL AND ERROR—FINDINGS OF FACT—PROBATE APPEALS.
    Findings of fact made by the trial court, on appeal from probate court, will be presumed to have been filed upon request, in the absence of a showing that no request was made.

2. COSTS—PROBATE COURT—ATTORNEY AND CLIENT.
    The probate court is authorized to award taxable costs, not including attorney's fees, in proceedings before it. 3 Comp. Laws, §§ 11221, 11222 (5 How. Stat. [2d Ed.] §§ 14458, 14459).

3. ESTATES OF DECEDENTS—WILLS—COSTS—ATTORNEY'S FEES.
    Under 1 Comp. Laws, § 681 (5 How. Stat. [2d Ed.] § 12129), the probate courts of this State have no authority to award to the contestants of a will, as costs, attorney's fees incurred in contesting the probate of decedent's alleged will.

Error to Shiawassee; Collingwood, J., presiding. Submitted October 16, 1913. (Docket No. 51.) Decided March 26, 1914.

George E. Pardee presented a petition to the probate court for the county of Shiawassee asking for the allowance out of the estate of Bridget Quinn, deceased, of the fees of several attorneys employed to

sustain and to contest the probate of decedent's will. From an order allowing the prayer of the petitioner, Gustav F. Friegel, special administrator of said estate, and Frank McCartney appealed to the circuit court which affirmed the allowance of said fees; they bring error. Reversed.

*Lyon & Moinet,* for appellants.

*A. L. Chandler* and *George E. Pardee,* for appellee.

KUHN, J. The question involved in this case is the construction to be given the statute regarding costs in probate proceedings, being section 681, 1 Comp. Laws (5 How. Stat. [2d Ed.] § 12129), which reads as follows:

"In all cases that shall be contested, either in the probate court or in the circuit court, such court may award costs to either party, in its discretion, to be paid by the other, or to be paid out of the estate which is the subject of the controversy, as justice and equity shall require."

A petition was filed in the probate court of Shiawassee county for the allowance of the will of Bridget Quinn, deceased, and eight contestants objected to the probating of the will, alleging want of mental capacity and undue influence. The case was tried in the probate court and submitted, and, pending the decision, one of the attorneys for the contestants filed a petition, alleging that there was an estate of about $12,000, setting forth services rendered in said contest, and asked for an order that the charges of the attorneys for the contestants, amounting to $1,150, and charges of attorneys for proponents, amounting to $1,050, be paid out of the assets of the estate. After notice of hearing, the probate judge, on July 11, 1912, made an order allowing attorney's fees at the amounts prayed for in the petition. On August 22, 1912, Gustav F. Friegel, as special administrator,

and Frank McCartney, as trustee under the last will, filed a petition in the probate court for a rehearing under the statute, alleging the allowance of the attorney's fees to be unwarranted. The court granted the rehearing, but confirmed the order made on July 11, 1912. On an appeal taken to the circuit court, the circuit judge filed an opinion sustaining the action of the judge of probate, and made the following finding:

"The probate court had authority in the matter of costs. The amount must have been within the discretion of the judge. No abuse of that discretion being shown, the order of the judge is affirmed."

As a preliminary question, it is urged that no finding was requested by appellant, and for that reason the judgment should be affirmed. As a finding was made, it must be presumed that it was made on request, in the absence of a showing to the contrary. *Delashman* v. *Berry*, 20 Mich. 292 (4 Am. Rep. 392) ; *Preger* v. *Barnett*, 175 Mich. 494 (141 N. W. 587). Exception was duly taken thereto, and the first assignment of error—"that neither said probate court nor said circuit court on appeal had any authority or jurisdiction to authorize or direct the payment of said attorney's fees or any part thereof out of the property of said estate"—presents for our consideration the construction of the statute above referred to.

The circuit judge concluded that the word "costs" in the statute meant attorney's fees, because he was of the opinion that there were no statutory costs to be taxed in the probate court, and, in support of his conclusion, cited the cases of *Waldron* v. *Waldron*, 45 Mich. 355 (7 N. W. 894) ; *Toms* v. *Williams*, 41 Mich. 552 (2 N. W. 814) ; and *Goff* v. *Cass Circuit Judge*, 152 Mich. 125 (115 N. W. 1059). We cannot agree with the statement that there are no statutory costs to be taxed in the probate court. Probate courts are declared by statute (section 647, 1 Comp. Laws) to

be courts of record. Fees of witnesses in courts of record, which constitute an important part of the taxable costs in trial courts, are fixed by section 11,221, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14458), where it is provided that witnesses shall receive "for attending in any suit or proceeding pending in a court of record one dollar for each day, and fifty cents for each half day," and, "for traveling, at the rate of ten cents per mile in coming to the place of attendance, to be estimated from the residence of such witness, if within this State, or from the boundary line of this State, which such witness passed in coming, if his residence be out of the State."

Section 11222, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14459), fixes the fees of sheriffs for subpoenaing witnesses:

"Serving a subpoena for witnesses, fifteen cents for each witness summoned, and ten cents for each mile actually traveled, in going only, but when two or more witnesses live in the same direction, traveling fees shall be charged only from the farthest."

This is sufficient to show that *there are* costs that are properly taxable in probate courts, but no provision is made by statute for taxing attorney's fees, as are taxable in the circuit courts. Under the theory of appellee, and sustained by the circuit court, the probate court has unrestricted authority to tax an unsuccessful, or even a successful, litigant, or order to be paid out of the estate in controversy attorney's fees sufficient to cover the reasonable charges of the attorneys engaged in the litigation, without reference to the amount thereof. Is the statute in question subject to such construction? We think not. The power granted to probate courts under the statute is no broader than the power conferred upon circuit courts. This court has held in several cases that the discretion contained in this statute is limited in the circuit courts to the awarding of taxable costs. *Cheever* v.

*North,* 106 Mich. 390 (64 N. W. 455, 37 L. R. A. 561, 58 Am. St. Rep. 499) ; *Brilliant* v. *Wayne Circuit Judges,* 110 Mich. 68 (67 N. W. 1101) ; *Goff* v. *Cass Circuit Judge,* 152 Mich. 121 (115 N. W. 1059).

Section 9437, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11148), provides:

"The executor or administrator shall be allowed all necessary expenses in the care, management and settlement of the estate, and for his services, such fees as the law provides, together with all extra expenses."

It has been held by this court that, by virtue of this statute, the probate court may allow an executor or administrator the charges of an attorney or counsel when necessary services are involved in the settlement of an estate; the charges being reasonable and the liability therefor incurred by the executor or administrator. *Jackson* v. *Leech's Estate,* 113 Mich. 391 (71 N. W. 846). But these charges are not allowed as costs, but as necessary expenses of administration. Massachusetts has a statute almost identical in language with the Michigan statute, which has received the construction of the supreme court of that State. In construing that statute, which provided that "in cases contested either before a probate court or before the supreme court of probate, costs in the discretion of the court may be awarded to either party to be paid by the other, or to either or both parties to be paid out of the estate which is the subject of the controversy, as justice and equity may require," that court, in the case of *Brown* v. *Corey,* 134 Mass. 249, said:

"By the natural construction of this provision, the discretion applies to the power to award among the parties, and not to the thing to be awarded, which is defined as 'costs,' a term of frequent occurrence in our statutes, meaning legal or taxable costs, and not including counsel fees."

179 MICH.—5.

This holding was affirmed in *Morrill* v. *Wiseman*, 134 Mass. 252, note.

In *Toms* v. *Williams, supra,* in a chancery proceeding for the construction of a will, it was not held, as stated in *Waldron* v. *Waldron, supra,* that the allowance of counsel fees was "the proper business of the probate court," but this court did hold, with reference to extra compensation for the counsel representing the heirs at law, that "neither the circuit court nor this court has any jurisdiction in a case in equity to charge the estate in controversy with burdens not recognized by law," and limited the costs to taxable costs.

In *Waldron* v. *Waldron,* which was also a proceeding in the chancery court for a construction of a will, the learned jurist, in using the language that allowance of counsel fees was for the probate court, undoubtedly had in mind the authority vested in the probate courts by section 9437, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11148), above referred to, which would authorize an executor or administrator, in the administration of an estate, to engage counsel for the purpose of obtaining a construction of a will, and be allowed his reasonable charges for such services. It is clear that it was this statute that the court had in mind in *Goff* v. *Cass Circuit Judge, supra,* as the case of *Jackson* v. *Leech's Estate, supra,* where that statute was construed, is cited where the language, "The allowance of counsel fees is for the probate court," is used.

We are of the opinion that no such construction as is contended for by the appellees should be given the statute. The expense of an attorney's service cannot be said to be "costs," within the meaning of that word as used in the statute. Because of the conclusion which we have thus arrived at, it will be unnecessary to pass on the question of whether or not the petition

filed by the attorney gave the probate court jurisdiction.

The judgment of the circuit court will be reversed, and that court is directed to remand the case to the probate court, with instructions to dismiss the petition which gave rise to this litigation.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.