STOVER *v.* WAYNE PROBATE JUDGE.

SECURITY TRUST CO. *v.* STOVER.

*In re* BRIGGS' ESTATE.

1. EXECUTORS AND ADMINISTRATORS—ATTORNEYS' FEES NOT ALLOW-
ABLE IN WILL CONTEST.

The executor of an unprobated will has no beneficial in-
terest in the estate; he represents nobody and therefore
ought not to be allowed to dissipate the funds of the
estate in assisting the legatees and devisees in the con-
test of a will which may never be probated.

2. SAME—PROBATE COURT'S POWERS DERIVED FROM STATUTE.

In Michigan the probate court derives its authority to
award costs and expenses to executors and administrators
out of the estate from the statutes and not from its general
probate jurisdiction.

3. WILLS—"COSTS" DO NOT INCLUDE ATTORNEYS' FEES IN WILL
CONTEST CASES.

The "costs" referred to in 3 Comp. Laws 1915, § 14164,
authorizing the probate court to award costs to either
party in a will contest case, in its discretion, to be paid
out of the funds of the estate, mean costs actually tax-
able, and do not include attorneys' fees.

4. EXECUTORS AND ADMINISTRATORS — ATTORNEYS' FEES ALLOWED
ONLY FOR BENEFIT OF ESTATE.

Under 4 How. Stat. § 11148 (3 Comp. Laws 1915, § 14117),
attorneys' fees and extra expenses are only allowed an
executor or administrator in the administration of the
estate and for the benefit of the estate, and not in case
of a contest between legatees and devisees and the heirs,
which is not for the benefit of the estate.

Error to Wayne; Moinet (Edward J.), J., presid-
ing. Submitted June 9, 1922. (Docket No. 72.)
Decided July 20, 1922.

On the question of right of executor to allowance for at-
torney's fees for services rendered in attempting to establish
or resist attack upon will, see notes in 26 L. R. A. (N. S.) 757;
L. R. A. 1917A, 450.

Mandamus and prohibition by Albert L. Stover to compel Edgar O. Durfee, probate judge of Wayne county, to vacate an order allowing fees to the special administrator of the estate of Catherine Briggs, deceased, and to prohibit further action in relation to said petition.    Writs granted.

Harry F. Elwell presented for probate the last will of Catherine Briggs, deceased.    The Security Trust Company, as special administrator, petitioned for an allowance of attorneys' fees.    The petition was allowed in the probate court, and Raymond F. Stover and others, contestants, appealed to the circuit court. From an order dismissing the appeal, contestants bring error.    Questions on appeal unnecessary to consider.

*Stevenson, Carpenter, Butzel & Backus* (*Elliott G. Stevenson* and *Arthur G. Urquhart,* of counsel), for appellants.

*Keena, Lightner, Oxtoby & Hanley* (*Frank D. Eaman,* of counsel), for appellees.

McDONALD, J.    The Security Trust Company of Detroit was nominated executor of the will of Catherine Briggs, who died on the 2d day of October, 1920, leaving an estate of the approximate value of $150,000. Surviving her are six grandchildren, Harry F. Elwell, Floyd C. Elwell, Walter Stover, Lillian Stover Goodier, Raymond F. Stover and Albert L. Stover, all children of two deceased daughters.    There are no other heirs. Under the will Walter Stover receives $25, Lillian Stover Goodier $25, Raymond F. Stover $1,000 and Albert L. Stover $1,000; and after providing various small bequests the remainder of the estate is given to the two Elwell grandchildren.

The will was presented for probate by Harry F.

Elwell. The Stover children filed objections alleging mental incompetency and undue influence. The case thus presented was certified to the circuit court for the county of Wayne, where it is now pending. After these proceedings were had the executor named in the will, who had been appointed special administrator, filed a petition in the probate court alleging that as executor it had engaged counsel to defend the will, and that they had entered their appearance in both the probate and circuit courts as attorneys for the executor; that an order should be made authorizing it, as special administrator, to pay out of funds in its hands, belonging to the estate, the sum of $2,000 to defray in part attorney fees and the expense of investigating as to witnesses. Over objection by the contestants, the court ordered as follows:

"That the said Security Trust Company, special administrator, as aforesaid, is hereby authorized to turn over to itself as executor named in the last will and testament of said deceased, the sum of $2,000, to be applied on the payment of expense of investigating witnesses, the payment of traveling expenses and attorneys' fees incurred in defending said will, *the court reserving the right to determine whether said sum shall be a charge against the estate or against the beneficiaries named in the will.*"

From this order the contestants appealed to the circuit court on the ground that the probate court was without jurisdiction to make such an order. The circuit judge dismissed the appeal for the reason that the order was not appealable.

In order to have a review of both questions, viz., the jurisdiction of the court and whether the order is appealable, the contestants sued out a writ of error and at the same time secured from this court an order to show cause why a writ of mandamus and prohibition should not issue commanding the probate judge to vacate his order, and prohibiting further action in

relation to the petition on which it is based.    The
two matters are here heard together.

The questions involved relate to the duties and
powers of an executor of an unprobated will, and the
jurisdiction of the probate court in will contests to
order payment to such executor out of funds of the
estate, for attorneys' fees and expenses incurred in de-
fending the will.

This is the first time that a case involving these
or similar facts has been before this court.    The
authorities from other jurisdictions are greatly in con-
flict, due probably in the main to the fact that in some
States the executor has retained many of his common-
law powers and duties, which are greater than under
the statutes.    In those States it is uniformly held that
it is the duty of the executor to propound out and de-
fend his testator's will, and that he has a right to
bind the estate for his expenses and attorneys' fees
in so doing.    We think, however, that the opposite
rule laid down by the courts of other States, particu-
larly those of New York, Pennsylvania, California and
Minnesota, is more in harmony with justice and reason.
The executor of an unprobated will has no beneficial
interest in the estate.    He represents nobody and
ought not to be allowed to dissipate the funds of the
estate in assisting the legatees and devisees in the
contest of a will which may never be probated.

"The appointment of an executor by the will is in
reality merely a nomination of a person for that office,
and he has no powers as executor until the will is
proved and he files his bonds and the probate court
issues to him letters testamentary."    Cheever's Pro-
bate Law (3d Ed.), p. 203.

In Pennsylvania, *Titlow's Appeal,* 163 Pa. St. 35 (29
Atl. 758), it is held:

"That an executor, save under exceptional circum-
stances, is not bound to defend his testator's will, and

if he undertakes to do so, it must be as the agent and in the interest of those benefited by his action."

In *Henry* v. *Superior Court*, 93 Cal. 569 (29 Pac. 230), it was said:

"It is safe to assume that the parties interested as devisees and legatees will always take the necessary steps and provide the necessary funds to procure the attendance of witnesses to establish the validity of the will, if it is worthy of probate.  Our conclusion is, that until the will is admitted to probate, or probate has been denied, the court has no power to appropriate the funds of the estate to aid either proponent or contestant."

In *Estate of Parsons*, 65 Cal. 240 (3 Pac. 817), it was said that the contest of a will was no concern of the executor; that it is the affair of the heirs, and that they should be left to settle their own differences.

In *Dodd* v. *Anderson*, 197 N. Y. 466 (90 N. E. 1137, 27 L. R. A. [N. S.] 336, 18 Ann. Cas. 738), the rule is laid down that when an executor named in a will offers it for probate and is met with a contest, "he has before him two alternatives, either of which he may adopt.  He may cast the burden of the contest upon those who are to be benefited by the probate of the paper, or he may assume the burden himself."  If he assume the burden himself, and is unsuccessful, he is personally responsible for the expenses and counsel fees incurred.

Other leading cases on this question are *Kelly* v. *Kennedy*, 133 Minn. 278 (158 N. W. 395, L. R. A. 1917A, 448, Ann. Cas. 1918D, 164) ; *In re Smith's Estate*, 165 Iowa, 614 (146 N. W. 836) ; *Doan* v. *Herod*, 56 Ind. App. 663 (104 N. E. 385).

A review of the cases holding that the executor of an unprobated will may bind the estate for expenses in defending it is unnecessary, because they are all predicated on the common-law rights of the executor, or upon the erroneous assumption that such litigation

is for the benefit of the estate. At common law the executor, before probate, could do nearly everything in handling the estate that he could do after probate. The Michigan statute confers these powers and duties on a special administrator; so the cases referred to are inapplicable to the question involved in the instant case. Here it must be determined by reference to the general policy of our law.

In Michigan the probate court derives its authority to award costs and expenses to executors and administrators out of the estate from the statutes and not from its general probate jurisdiction. The statute relative to costs in will contests is as follows:

"In all cases that shall be contested, either in the probate court or in the circuit court, such court may award costs to either party, in its discretion, to be paid by the other, or to be paid out of the estate which is the subject of the controversy, as justice and equity shall require." 3 Comp. Laws 1915, § 14164.

Under this statute, in the case of *In re Quinn's Estate,* 179 Mich. 61, this court held that the costs referred to meant costs actually taxable, and that it did not give the probate court authority "to tax an unsuccessful, or even a successful, litigant, or order to be paid out of the estate in controversy, attorneys' fees sufficient to cover the reasonable charges of the attorneys engaged in the litigation."

The only statute authorizing the payment of the counsel fees and expenses of an executor is the following:

"The executor or administrator shall be allowed all necessary expenses in the case, management and settlement of the estate, and for his services such fees as the law provides, together with all extra expenses." 4 How. Stat. (2d Ed.) § 11148.[1]

"It has been held by this court that, by virtue of

---

[1]Merged and re-enacted in judicature act (3 Comp. Laws 1915, § 14117).—REPORTER.

this statute, the probate court may allow an executor or administrator the charges of an attorney or counsel, where necessary services are involved in the settlement of an estate; the charges being reasonable and the liability therefor incurred by the executor or administrator." *In re Quinn's Estate*, 179 Mich. 61, citing *Jackson* v. *Leech's Estate*, 113 Mich. 391.

It will be seen from this statute that attorneys' fees and extra expenses are only allowed an executor in the administration of the estate and for the benefit of the estate. The contest between the legatees and devisees and the heirs is not for the benefit of the estate, and has nothing to do with its administration.

It seems to me that what was said by Mr. Justice GRANT in *Zimmer* v. *Saier*, 155 Mich. 388 (130 Am. St. Rep. 575), though in reference to the acts and powers of a special administrator, applies to the situation in the instant case:

"The heirs promptly arrayed themselves in the court, the one side to contest, the other to sustain, the will. Under the condition of the estate, it was then the duty of Mr. Zimmer to leave the contest to those directly interested, and confine himself strictly to conserving the estate and preserving it for those who should be held finally entitled to it. * * * He now seeks to compel adverse parties to pay for services of attorneys employed against them. This is not one of those cases where the court is justified in allowing the administrator to employ counsel in litigation which is for the benefit of the estate. Such action of the court would compel the contestants, the other heirs of the estate, to pay in part the expenses of proponents' attorneys. I find no precedent for such a proceeding."

See, also, *In re Keene's Estate*, 202 Mich. 646.

In view of the policy of the law in this State as indicated by the statutes and the judicial decisions, it is clear that, under the circumstances of this case, the probate court of Wayne county had no jurisdiction to enter the order authorizing the payment of $2,000

from the estate to the executor to defray counsel fees and expenses in the contest of the will. Exceptional cases may arise where such expenses might well be considered for the benefit of the estate, but this is not such a case.

Writs of mandamus and prohibition may issue commanding the probate judge to vacate the order entered, and prohibiting him from taking any further proceedings in relation to the petition on which it is based.

Because of this disposition of the case, it is unnecessary to consider the question involved in the appeal from the circuit court. No costs.

FELLOWS, C. J., and WIEST, BIRD, and SHARPE, JJ., concurred. CLARK, MOORE, and STEERE, JJ., did not sit.