EMERSON *v.* WAYNE CIRCUIT JUDGE.

1. EXECUTORS AND ADMINISTRATORS — ADMINISTRATOR NOT INTERESTED IN LITIGATION OVER ALLOWANCE OF WILL.

The administrator of an estate is not interested in litigation over the allowance of the will of the deceased; his only business, except as provided in Act No. 281, Pub. Acts 1923, being to conserve the estate.[1]

2. WILLS—APPEAL—ADMINISTRATOR NOT AN ADVERSE PARTY.

The filing of a bond running to the administrator and service of notice upon him of appeal from the order of the probate court allowing a will was not a sufficient compliance with the provisions of 3 Comp. Laws 1915, §§ 14145, 14152, 14153, to give the court jurisdiction in the matter of the appeal; the administrator not being an adverse party within the meaning of the statute.[2]

Mandamus by Benjamin F. Emerson to compel Henry A. Mandell, circuit judge of Wayne county, to vacate an order dismissing an appeal. Submitted June 2, 1925. (Calendar No. 31,935.) Writ denied October 1, 1925.

*Payne & Payne* (*Thomas W. Payne*, of counsel), for plaintiff.

*Charles E. Duffy*, for defendant.

McDONALD, C. J. The plaintiff seeks a writ of mandamus to compel the vacation of an order granting a motion to dismiss an appeal from the allowance of the will of George W. Goodall, deceased, by the probate court of Wayne county. The plaintiff is

_____
[1] Executors and Administrators, 23 C. J., §§ 386, 388 (Anno);
[2] Wills, 40 Cyc. p. 1354.

an heir at law of Mr. Goodall, who died July 16, 1924. No will was found. Twelve days after his death one Nellie Heise appeared in the probate court with a carbon copy of an instrument which she claimed was his last will and testament, and in which she was named the residuary legatee. She petitioned for the probate of this instrument and requested that Charles E. Gregory, a resident of Jackson, Michigan, be appointed administrator. On the 27th day of August, 1924, the probate court entered an order allowing the alleged carbon copy as the last will and testament of George W. Goodall, and appointing Charles E. Gregory as administrator. From this order Benjamin F. Emerson appealed to the circuit court. Nellie Heise moved to dismiss the appeal for the reason that there had been no service of notice upon any of the adverse parties and no bond given to the adverse parties as required by the statute. The appeal was dismissed and the appellant asks for a writ of mandamus to compel the circuit judge to vacate his order.

The following provisions of the statute are applicable and govern the proceedings on appeal from an order of the probate court:

Section 14145, 3 Comp. Laws 1915. The appealing party must file his claim of appeal, giving reasons therefor, with the probate judge within 20 days from the date of the order appealed from. Section 14152. With the notice of appeal he must file a bond running to the adverse party. Section 14153. He must give notice of such appeal to the adverse party with his reasons therefor, in such manner as the probate court shall direct, within 15 days from the date of the order directing the manner of service unless the adverse party shall in writing waive such notice.

The objections to the proceedings taken by the appellant are that the bond filed with his claim of appeal was to the administrator and that his notice of appeal

was served upon the administrator and not upon any of the adverse parties. The question is whether the administrator is an adverse party within the meaning of the statute. The administrator is not interested in this litigation. He is not interested in any litigation which does not tend to deplete the estate. Except as provided in Act No. 281, Pub. Acts 1923, his only business is to conserve the estate while the real parties in interest fight out the question of will or no will. His duties and status pending a will contest are thoroughly discussed in *Stover* v. *Wayne Probate Judge,* 219 Mich. 569, and *In re Doty's Estate,* 231 Mich. 115. It is not necessary to discuss the question further. The administrator was not an adverse party. The bond to him and service upon him alone of the notice of appeal did not give the circuit court jurisdiction in the matter of the appeal. We have no discretion in enforcing the mandatory provisions of the statute. The circuit judge correctly disposed of the motion.

The writ is denied, with costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. WIEST, J., did not sit.