BARBER *v.* WAYNE CIRCUIT JUDGE.

1. WILLS—PROBATE APPEALS—WHEN EXECUTOR IS "ADVERSE PARTY" TO THOSE SEEKING DISALLOWANCE OF WILL.

    Under Act No. 281, Pub. Acts 1923, notice of appeal from the allowance of a will in probate court was properly served on the executor named in the will, where he had been authorized by order of the court to take such reasonable steps as were necessary to sustain it; he being, under those circumstances, an "adverse party" to those seeking its disallowance.

2. SAME—DEVISEES AND LEGATEES ARE PROPER PARTIES AND SHOULD BE SERVED WITH NOTICE OF APPEAL.

    Devisees and legatees named in the will being interested parties, it was proper to bring them into the case by notice; and they being nonresidents of the State, notice by publication would be sufficient.

Mandamus by Clarence M. Barber and another to compel Clarence M. Browne, acting circuit judge of Wayne county, to vacate an order dismissing an appeal from probate court. Submitted December 11, 1928. (Calendar No. 33,885.) Writ granted January 7, 1929.

*Charles R. Thompson* (*S. Pointer Bradley,* of counsel), for plaintiffs.

*Younglove & Chockley,* for defendant.

FELLOWS, J. Plaintiffs gave notice in probate court of a contest of the will of Marion V. Reynolds, their sister. Practically all the estate was willed to charitable and religious societies outside the State. C. Oscar Strand was named executor in the will. Under Act No. 281, Pub. Acts 1923, he petitioned for

and was granted authority to employ counsel, obtain witnesses, and to take on the prosecution of the proceeding to establish the will. The will was admitted to probate. Plaintiffs in due season filed a notice of appeal, a surety company bond running to Strand and the devisees and legatees in the will, and the probate court made an order for service on Strand alone. In the circuit Strand moved to dismiss the appeal on the ground that he was not the adverse party; plaintiffs moved to bring in the devisees and legatees. Plaintiffs' motion was denied, and the appeal was dismissed on Strand's motion. The trial court having declined to entertain jurisdiction, we review on mandamus.

Before the enactment of the act of 1923, this court quite uniformly held that persons named as executors in wills and special administrators appointed by the probate court did not possess such an interest in the estate as to authorize them to expend money of the estate in a will contest, their duty being to conserve the estate and not to engage in a contest between heirs on the one hand and devisees and legatees on the other, in litigation which concerned them alone; and this court went so far as to treat expenditures of the money of the estate in a will contest as a dissipation of the assets of the estate. *Zimmer* v. *Saier,* 155 Mich. 388 (130 Am. St. Rep. 575); *In re Keene's Estate,* 202 Mich. 646; *Stover* v. *Wayne Probate Judge,* 219 Mich. 566; *In re Doty's Estate,* 231 Mich. 115. And in *Emerson* v. *Wayne Circuit Judge,* 232 Mich. 338, it was held that the administrator was not interested in litigation involving the validity of a will, and was not the "adverse party" under the statutory requirements providing for appeals from probate court. Unless the act of 1923 has, upon a proper order of the probate

court being made, clothed the person named as executor in the will with greater authority and a greater interest in will contests than before existed, it must be held, following the cases cited, that his interest is not sufficient even with the added duties and his position in the litigation does not make him the "adverse party" to the contestants who are seeking the disallowance of the will. We think the legislature, which manifestly was familiar with our holdings, intended a change, and that the language of the act clearly so indicated and provided. Before the act the person who was named executor had nothing to do in a will contest; now upon proper order of the court he has everything to do with it; before the act, he could spend no money of the estate to sustain the will; now he may expend in sustaining the will such funds of the estate as may be necessary, subject, of course, to the approval of the probate court. Before the act he was not a party to the litigation; now he is a party and the active one. His duty now is, under the order of the court, to take such reasonable steps as may be necessary to sustain the will against the assaults upon it. We think the statute makes it clear that he is the adverse party to those seeking its disallowance.

The devisees and legatees named in the will were interested parties, and it was proper to bring them into the case by notice; they being nonresidents of the State, publication would be sufficient. *Strang* v. *Hillsdale Circuit Judge,* 108 Mich. 227.

The writ should issue as prayed.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.