*In re* PRITCHARD'S ESTATE.

APPEAL OF ELSTONE.

1. Executors and Administrators—Allowance of Attorney's Fees—Statutes.
  Probate court may allow charges of attorney engaged by executor to help in administering estate, where said services were necessary and charges reasonable (3 Comp. Laws 1929, § 15928).

2. Same.
  Fees paid by executor to attorney for services that belong to ordinary duties of executor and should have been performed by him are not allowable (3 Comp. Laws 1929, § 15928).

Error to Wayne; Dingeman (Harry J.), J. Submitted June 2, 1931. (Docket No. 31, Calendar No. 35,628.) Decided October 5, 1931.

Melzi C. Bell presented his first annual account as executor of the estate of Cynthia Esther Pritchard, deceased. Ida Gordon Elstone and another appealed to circuit court from order allowing the account. From order allowing fees for attorneys' services, appellants appeal. Modified and affirmed.

*Ben Davidson* (*Samuel W. Shier*, of counsel), for appellants.

McDONALD, J. Melzi C. Bell presented his first annual account as executor of the estate of Cynthia Esther Pritchard, deceased. It was allowed in the probate court. The trial on appeal in the circuit court was without a jury. Findings were filed and judgment entered in which the amount paid for attorneys' services was allowed in the sum of $338.50. Error is assigned on the allowance of these fees.

The contention of the appellants is stated in their brief as follows:

"It is contended by appellants that there is no statutory authority for the charging of attorneys' fees in this class of cases to estates other than as taxable costs."

We do not agree with this contention. In *Re Grover's Estate*, 233 Mich. 467, it was said:

"There is no statute expressly authorizing an executor to employ an attorney to assist him in administering an estate. Section 14117, 3 Comp. Laws 1915 (3 Comp. Laws 1929, § 15928), provides that he shall be allowed 'all necessary expenses in the care, management and settlement of the estate.' Under this section the probate court may allow the charges of an attorney when one has been employed, and 'when necessary services are involved in the settle-

ment of an estate.' *In re Quinn's Estate,* 179 Mich. 61.''

The only question is whether the services were necessary and the charges therefor are reasonable.

The first item in the account to the allowance of which objections are made is $100 for services by Kurth & Kurth in a chancery suit by the executor against the Woodmere Cemetery Association *et al.* It is not necessary to discuss this item. It was allowed by the court in full. His finding is amply supported by the evidence.

The second item is ''Kurth and Kurth services as attorneys $295,'' allowed by the court at $238.50. Included in this item is a charge of $15 for making inventory; $17.50 for distributing furniture, and $7 for drafting receipts. These charges are for services that belong to the ordinary duties of an executor and should have been performed by him. They are disallowed. We see no objections of merit to the other charges. The sum of $39.50 should be deducted from the $238.50 allowed by the court on the $295 charge.

With this modification the judgment is affirmed, without costs.

Wiest and Sharpe, JJ., concurred with McDonald, J. Butzel, C. J., and Clark, Potter, North, and Fead, JJ., concurred in the result.